## COMMONWEALTH CASUALTY CO. v. HOLYFIELD. (No. 10747.)

(Court of Civil Appeals of Texas. Fort Worth. June 28, 1924.)

**1. Evidence ⬳405(1) — Terms of policy controlling, in absence of fraud, accident, or mistake.**

Terms of insurance policy alone must be given controlling effect, in absence of attack thereon for fraud, accident, or mistake.

**2. Appeal and error ⬳1052(5)—Admission of evidence held harmless.**

In action on sick policy, any error in admitting in evidence advertising card, tending to show that policy protected holders from any and all sickness, was harmless, where jury found that plaintiff had sickness covered by policy.

**3. Insurance ⬳665(1)—Reasonable attorney's fee supported by evidence of attorney in case.**

In action on insurance policy, finding against defendant for reasonable attorney's fee of $100 was supported by evidence of plaintiff's attorney, received without objection, that he had represented plaintiff on a prior trial, and that upon present trial he and another had been employed at an agreed consideration of $100, though such fee was contingent upon success, and attorney was interested witness and had practiced only one year.

**4. Appeal and error ⬳742(6)—Proposition held too general to require consideration.**

Proposition that it was error to submit 16 special issues, because same were too numerous and were calculated to and did confuse jury, and that case was one in which a general charge would have placed issues arising more clearly before jury, was too general to require consideration.

**5. Trial ⬳350(1)—Imperative to submit special issues where plaintiff requests.**

Where plaintiff makes formal request for submission of case upon special issues, it is imperative upon court to submit all issues made by pleadings and evidence.

**6. Trial ⬳352(1)—Special issue held proper under evidence and circumstances.**

In action on sick policy court properly submitted special issue, "Did the plaintiff H. have an initial attack of appendicitis on or about the 8th day of August, 1921," as against the objection that it was leading and upon weight of evidence.

Appeal from Hood County Court; K. H. Faulkner, Judge.

Suit by C. U. Holyfield against the Commonwealth Casualty Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Estes, Estes & Roark, of Granbury, for appellant.

J. G. Grissom and Nellie G. Robertson, both of Granbury, for appellee.

CONNER, C. J. The appellee, C. U. Holyfield, instituted this suit against the Commonwealth Casualty Company to recover certain benefits alleged to be due under the terms and conditions of a policy of insurance issued to him by appellant. Appellee alleged that he had had an attack of appendicitis and was operated on therefor, and was confined to his bed and house for a period of 10 weeks, on account of which he prayed for judgment in the sum of $250, at the rate of $25 per week, as specified in the policy, and attorney's fee in the sum of $100, and a penalty of 12 per cent. damages and all costs of the suit.

The defendant answered by a general demurrer and a general denial, and specially that the proofs of sickness as made by the plaintiff showed that he was suffering from gall stones, and that his sickness and operation for appendicitis did not come within the terms of the contract of insurance declared upon.

Upon application in writing, filed in behalf of plaintiff, the court submitted the case to a jury on special issues, upon the answers to which judgment was rendered in favor of plaintiff in the sum of $250 on account of 10 weeks' confinement, $100 attorney's fee, and 12 per cent. on the sum of $250 as damages, aggregating the sum of $380, from which judgment the defendant company has duly prosecuted this appeal.

[1, 2] The court permitted plaintiff, over the objection of the defendant, to offer in evidence an advertising card, presented by the agent of the defendant company prior to the execution and delivery of the policy in question, tending to show that the policies

executed by the company protected holders thereunder from any and all character of sickness, and also permitted plaintiff's witness Smith to testify that said agent in soliciting him for a policy so stated its scope. Possibly the court erred in these particulars and erred in submitting issues 1 and 2, eliciting findings to the effect that the agent had represented to the plaintiff that the policy in question would cover all sickness that would keep the plaintiff away from his business, and that the plaintiff relied upon such representation. The policy having been subsequently issued and no attack thereon for fraud, accident or mistake made, the terms of the policy alone must be given the controlling effect, and, as will hereinafter appear, the policy specifies numerous diseases known, as we shall assume, to the medical profession which are recognized as proper causes for sickness resulting in confinements, covered by the terms of the policy. But whether or not a person, such as appellee, unlearned in medical terminology, would, upon reading the policy in the light of the advertising card objected to, reasonably conclude that he would be insured against any character of sickness resulting in confinement, is, we think, wholly immaterial in this case. For the policy of insurance issued and delivered to the plaintiff is presented in the statement of facts, and without dispute the defendant company thereby obligated itself to pay plaintiff a weekly indemnity for loss of time not exceeding 10 weeks at the rate of $25 a week, "if the insured shall be continuously confined within the house, not leaving it at any time for any purpose whatsoever, and regularly visited therein at least once in every seven days by a licensed physician, and be wholly prevented from transacting any and every kind of business solely by," then follows some 39 specified diseases or character of sickness, including "achondroplasia, acromegaly, chorea, hordeolum, and ichthyosis." We will not assume that the plaintiff was learned in such terminology, and it is perhaps quite probable that in reading the policy and the specification of diseases therein made that the plaintiff concluded that the policy in fact did cover all kinds of sickness. But whether so or not, in addition to those above quoted, and others of somewhat similar character, the policy specified like protection for a number of commonly known ailments, including "yellow jaundice" and "appendicitis" (initial attack and only when operation for removal of appendix is performed)" and the findings of the jury, under ample evidence to sustain them, were to the effect that more than 30 days after the issuance of the policy the plaintiff had an initial attack of appendicitis, and was operated thereon for its removal, and was thereby continuously confined in the house for 80 days and prevented from attending to his business duties 15 weeks, during which time he had been regularly visited by a physician. The jury further found that the plaintiff had yellow jaundice. Such findings undoubtedly sustain the judgment, regardless of the evidence and findings relating to special issues 1 and 2, which therefore may be ignored as immaterial. See Furst-Edwards Co. v. St. L. S. W. Ry. Co. (Tex. Civ. App.) 146 S. W. 1024; Johnson v. Breckenridge-Stephens Title Co. (Tex. Com. App.) 257 S. W. 223. Appellant's first, second, fourth, and sixth propositions are accordingly overruled.

[3] It is insisted in appellant's third proposition that the court erred in submitting to the jury the issue on the question of attorney's fee, as shown in special issues 13 and 14, "for the reason that there was no legitimate proof submitted to the jury on the trial of the case by which it could determine what sum would be a reasonable attorney's fee." We overrule this contention. The issue was plainly presented in the plaintiff's petition and as plainly presented in the evidence. One of the counsel for plaintiff testified in substance that the case had been tried once before, and that he had represented the plaintiff on that trial, that upon the present trial he, together with another, had been employed, and that the plaintiff had agreed to pay him $100 to represent him, and that he regarded this as a reasonable fee. On cross-examination he stated that he had been practicing law for about a year and had had "quite a bit of experience in trying cases." No objection to this testimony was made at the time of its introduction, nor did appellant offer any testimony in contradiction, and the mere fact now pointed out that the fee promised by the plaintiff was contingent upon plaintiff's success in the suit, and that therefore the attorney was an interested witness, and had practiced only a year, does not render erroneous the court's submission of the issue, nor justify a disregard of the jury's finding thereon in plaintiff's favor. See Commonwealth Bonding & Casualty Co. v. Wright (Tex. Civ. App.) 171 S. W. 1043.

[4] Appellant, in its fifth proposition, complains that:

"It was error for the court to submit to the jury some sixteen special issues because the same were too numerous and were calculated to and did confuse the jury in the deliberations; this being a case in which a general charge would have placed the issues arising therein more clearly before the jury."

[5] It is obvious that the proposition is too general to require consideration, and the assignment upon which the proposition is predicated is substantially as general as the proposition. We are unable to determine from the proposition which, if any, of the issues were not raised by the pleadings and the evidence, nor the way in which the issues

might confuse the jury, nor has our consideration of the case disclosed such results. The plaintiff made a formal request for the submission of the case upon special issues, and it was therefore imperative upon the part of the court to submit all of the issues made by the pleadings and the evidence, and this, we think, was fairly done. See article 1984a, Vernon's Sayles' Ann. Civ. St. 1914; Colorado & S. Ry. Co. v. Rowe (Tex. Com. App.) 238 S. W. 908. This proposition and assignment is accordingly overruled.

[6] Several objections are made to the form of the special issues, but we will notice but one. Special issue No. 3, submitted by the court, as set forth in appellant's brief, is as follows:

"Did the plaintiff, Holyfield, have an initial attack of appendicitis on or about the 8th day of August, 1921? Answer 'Yes' or 'No' as you find from the evidence."

The jury gave an affirmative answer. The objection urged to this special issue is that "it is leading and upon the weight of the evidence." In connection with the objection quoted, the defendant requested the court to give the following charge:

"If you find from the evidence that the plaintiff, Holyfield, had an attack of appendicitis or yellow jaundice, then state when the first attack occurred."

It was material for the plaintiff to show under the terms of his policy, not only that he had been confined by reason of an attack of appendicitis, but that such an attack was an initial one and had occurred more than 30 days after the date of his policy. The policy was dated June 20, 1921, and it was alleged that the attack of appendicitis from which the plaintiff had suffered occurred on August 8, 1921 (one month and eighteen days after the issuance of the policy). It was not only so alleged in the plaintiff's pleading, but it was also so stated to be by the testimony of the plaintiff himself, as well as by the attending physician. No other date, either in the petition, or in the testimony relating to this point, was specified, and, as it seems to us, the issue was presented in substantial correspondence to both allegation and evidence. No evidence in behalf of defendant on the trial was offered except a report, or purported report, of appellee's sickness or confinement, alleged to have been made prior to the report preceding the present trial. In this former report appellee was made to state that he was taken sick on the 30th of July, 1921, with gall stones, and that he had one previous attack of that disease. Appellant apparently presents the contention that plaintiff's sickness was in fact caused by gall stones and not by appendicitis or yellow jaundice. If gall stones instead of appendicitis or yellow jaundice was in fact the disease or malady causing plaintiff's confinement, and if this occurred less than 30 days after the date of the policy, defendant under its contention would have been entitled to a verdict, but, while this former report might have raised the issue, no request for its submission appears to have been made, nor was the court's general charge objected to on the ground that such an issue had not been submitted. Moreover, the plaintiff in his testimony expressly denied having signed the purported report, and the physician whose name purports to be signed thereto declared that he had no recollection of having done so.

Without further discussion, we conclude that appellant's objection to the submission of the third special issue should be overruled, and, no other material question having been presented, that the judgment should be affirmed.

BUCK, J., not sitting.