## GULF, C. & S. F. RY. CO. v. McKINNELL.
### (No. 8064.)

(Court of Civil Appeals of Texas. Ft. Worth.
Dec. 19, 1915.)

1. TRIAL ☞304—MISCONDUCT OF JURY—EFFECT.

Jurors in a personal injury action, who while deliberating on the verdict discussed the proposition that plaintiff would be required to pay a large sum to his attorney for services rendered, and that by·reason thereof a larger verdict was rendered than otherwise would have been rendered, were guilty of misconduct necessitating the setting aside of the verdict.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 725–727; Dec. Dig. ☞304.]

2. EVIDENCE ☞553—OPINION EVIDENCE—ASSUMPTION OF FACT.

A question asked a physician, which assumes a fact not shown by any testimony, is improper, when calling for the opinion of the physician.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2369–2374; Dec. Dig. ☞553.]

3. DAMAGES ☞168—PERSONAL INJURY—ASSESSMENT OF DAMAGES—EVIDENCE—ADMISSIBILITY.

Where plaintiff, suing for a personal injury, testified that after the accident he felt smart sensations in his hip, groin, and leg, and a feeling of pain on standing, and that following the accident his former ability to walk had been greatly impaired, testimony that plaintiff, after the accident, had been observed to walk with a limp was admissible, as against the objection that a limp was not the proximate result of any injury.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 480, 482–486; Dec. Dig. ☞168.]

4. EVIDENCE ☞128— PERSONAL INJURIES — ASSESSMENT OF DAMAGES—DECLARATIONS OF PERSON INJURED—RES GESTÆ.

Under the rule that testimony of complaints of present pain and suffering is admissible on the principle of res gestæ, the admission of the testimony of a ·physician that plaintiff complained of tenderness in his spine was not erroneous, in the absence of anything to indicate that complaint of tenderness was not within the rule; but the admission of testimony that plaintiff complained of becoming tired when standing, and that he could not work as long as previously, and did not sleep as well as he formerly did, was erroneous, because not within the rule.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 383–387; Dec. Dig. ☞128.]

5. TRIAL ☞194—INSTRUCTIONS—WEIGHT OF EVIDENCE.

An instruction in a personal injury action, directing the jury to consider the earning capacity and ability of plaintiff before ˉand since the accident causing the injuries complained of, if from a preponderance of the evidence the jury find a difference therein, is not on the weight of the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439–441, 446–454, 456–466; Dec. Dig. ☞194.]

6. DAMAGES ☞187 — PERSONAL INJURIES — LOSS OF ABILITY TO EARN MONEY.

Testimony of plaintiff, suing for a personal injury, that in some lines of business his ability to earn had been diminished by reason of the injury, was not necessarily overcome by proof that he received his regular pay during the time he was laid off after the accident, and that since resuming his employment his salary had been increased.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 509; Dec. Dig. ☞187.]

Appeal from District Court, Tarrant County; Marvin H. Brown, Judge.

Action by Harry L. McKinnell against the Gulf, Colorado & Santa Fé Railway ' Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Terry, Cavin & Mills, of Galveston, and Lee & Lomax and W. D. Smith, all of Ft. Worth, for appellant. Clendenen & Simmons, of Ft. Worth, for appellee.

DUNKLIN, J. As a result of a collision between two trains operated by the Gulf, Colorado & Santa Fé Railway Company, near the town of Davis, Okl:, Harry L. McKinnell, a railway mail agent, who was riding on one of those trains, sustained personal injuries, and he instituted this suit against the company to recover damages therefor. He recovered judgment for the sum of $6,500, and the company has appealed.

[1] As one of the grounds stated in the defendant's motion for new trial, it was alleged, in substance, that the jury, during their retirement for the purpose of reaching a verdict, improperly considered and were influenced by suggestions and arguments, made by some of them to the rest, that plaintiff would be required to pay from $1,-500 to $2,500 to his attorneys for their services in prosecuting the suit, and that damages should be allowed in a sum sufficient to cover that expense, in addition to the amount necessary to compensate him for his injuries. An affidavit of Geo. L. Wilkinson, one of the jurors, was attached to the motion. That affidavit reads in part as follows:

"That before the jurors had agreed on the amount of the verdict affiant stated to the other jurors that he thought $3,000 would be full compensation to the plaintiff, ·and that he thought the verdict should be returned for that amount. That following the suggestion of affiant as to the amount the verdict should be for, several of the jurors stated that plaintiff would have to pay his attorneys, and there was quite a general discussion as to attorney's fees; it being stated by some of the jurors that the attorneys would get $2,000 to $2,500. That this was stated, as affiant understood, as a reason why affiant and others, who were in favor of giving plaintiff an amount in the neighborhood of $3,000ˉ should consent to give more. That affiant was influenced by the argument as to attorney's fees, and finally consented to give $6,500 to plaintiff because of the argument that plaintiff would have to pay his attorneys out of the judgment he recovered."

In addition to that affidavit, the court, in considering the motion, heard the oral testimony of Samuel Calcaterra, C. I. Brown, and S. C. Skieldig, also members of the jury, who corroborated the affidavit of Geo. L. Wilkinson to the effect that plaintiff would likely be required to pay from $1,500 to $2,-

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

500 as attorney's fees, and from whose testimony it clearly appears that that suggestion and argument influenced them, and probably other jurors, who did not testify, to allow damages in a sum to cover such expenses over and above the amount necessary to compensate plaintiff for his injuries. No testimony was offered to rebut the testimony of these jurors, and we are of the opinion that the court erred in refusing to grant new trial. For this error the judgment must be reversed.

[2] In view of another trial, we will make some observations upon questions presented by other assignments. Dr. McLean, witness for the plaintiff, testified that:

"If the plaintiff had a partial dislocation of the hip, the witness could make a rational guess as to what was the matter with the plaintiff's hip, and that he doubted if plaintiff could be cured of the pain in the hip."

Objection was urged to this testimony by the defendant; one of the grounds of the objection being that no evidence was introduced to show any partial dislocation of plaintiff's hip. We are of the opinion that the testimony should have been excluded upon that objection, the truth of which we find was sustained by other evidence, which was uncontroverted.

[3] Appellant insists that the court erred in admitting testimony of the witnesses O'Sullivan and Dr. McLean to the effect that after the wreck in question plaintiff was observed to walk with a limp; the ground of the objection to such testimony being that there was no competent evidence to show that such limp was the proximate result of any injury received in the wreck. That objection was without merit, in view of plaintiff's testimony as follows:

"After I was extricated from the wreck, I felt smart sensations in my hip, in my groin, and in my leg, and a feeling of pain on standing," and, further, that following the accident his former ability to walk had been greatly impaired.

[4] Dr. McLean testified that during the six or eight months subsequent to the wreck, and while plaintiff was under his observation, the plaintiff complained of a tenderness in his spine and of becoming tired when standing on his feet, that he could not work as long as previously on account of getting exhausted, and that he did not sleep as well as he formerly did. This testimony was objected to as a whole, upon the ground that it was hearsay, and therefore incompetent. It is a familiar rule that testimony of complaints of present pain and suffering is admissible upon the principle of res gestæ. Evidently the testimony was admitted under that rule. It does not appear whether or not complaint of tenderness in the spine was made under circumstances that would make it admissible under that rule, and therefore we cannot say that it affirmatively appears that the court erred in admitting that statement; but it is apparent that the rest of

the testimony was not admissible under that rule, being hearsay and subject to the objection urged.

Complaint is made of the refusal of the court to give the defendant's requested charge No. 6, which was, in effect, that plaintiff was not entitled to recover for a certain physical condition mentioned in that instruction, and alleged in plaintiff's petition. Some evidence was offered relative to that condition, which was of such a nature as might influence the jury in the rendition of their verdict; and, while the court did not submit that issue in his general charge, we are of the opinion that the requested instruction should have been given to insure the defendant against any possible harm by reason of the testimony relative to that condition.

The sixth assignment of error is addressed to the admission of testimony relative to an operation performed for the particular physical condition last referred to. The objection to the testimony was that there was no proof that such operation was made necessary by reason of the accident. Upon a careful review of the record, we are of the opinion that the objection should have been sustained.

[5, 6] The charge of the court upon the measure of damages reads as follows:

"In arriving at the amount of damages, if any you give to the plaintiff, you may take into consideration the physical pain, if any, sustained by the plaintiff by reason of said wreck, and such as you may find, if any, he will suffer in the future. You may also take into consideration the earning capacity and ability of the plaintiff before and since said accident, if from a preponderance of the evidence in the case you find a difference therein, and if from a preponderance of the evidence in the case you find that the plaintiff has sustained injuries, if any, from which he has not yet recovered, if you so find, or from which he will not in the future recover, if you so find, then you may take such fact or facts into consideration, if any you find, in arriving at the amount of damages, if any, that you may assess against the defendant and for the plaintiff."

Error has been assigned to that instruction upon the ground that the language used, "You may also take into consideration the earning capacity and ability of the plaintiff before and since said accident, if from a preponderance of the evidence in the case you find a difference therein," is a charge upon the weight of the evidence, and upon the further contention that there was no proof that plaintiff's earning capacity had been lessened by reason of his alleged injuries. Clearly the charge is not subject to the criticism that it was upon the weight of the evidence. It is a correct statement of the law upon that issue. Testimony offered by the plaintiff tended to show that his ability to earn money in some lines of business at least had been diminished by reason of the injury which he claimed to have received in the accident. Such testimony was not necessarily overcome by proof that he received his regular pay from the government during the six months he was "laid off" after the accident,

and since resuming the duties of his employment his salary has been increased to a sum greater than he received before the accident. Accordingly the assignment last noted is overruled.

For the reasons noted, the judgment is reversed, and the cause remanded.