MISSOURI, K. & T. RY. CO. OF TEXAS v. ROGERS. (No. 1283.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 23, 1918. Rehearing Denied March 6, 1918.)

1. DAMAGES ⟲184(1)—EXCESSIVE DAMAGES— INJURY TO FOOT.

A verdict of $6,000 awarded to a man 42 years of age for an injury to his foot requiring the wearing of a bandage and the use of a cane and causing great pain, and which the evidence showed might be permanent, disabling him from following his former occupation as baker, at which he earned from $18 to $25 per week, and his occupation as wire chief and lineman, though he retained his position as wire chief at the same salary, was not excessive.

2. APPEAL AND ERROR ⟲1039(13) — HARMLESS ERROR—VARIANCE.

In a passenger's action for personal injury when the back of a seat gave way and his foot was caught under the front seat, any variance between an allegation that the injury was caused by the negligence of defendant's employés in charge of the train and evidence showing that the inspection of the car seats was not duty of such employés, but was the duty of train inspectors, was harmless.

3. DAMAGES ⟲192 — EVIDENCE — MENTAL PAIN OR SUFFERING.

Where serious and permanent physical injury is shown, the jury is warranted in finding that there was substantial pain, so that the submission of mental pain as an element of damages is proper.

4. DAMAGES ⟲187—EVIDENCE—DIMINISHED EARNING CAPACITY.

In an action for personal injury, there was no error in submitting to the jury as an element of damages the plaintiff's diminished capacity to labor and earn money, though he was then receiving the same salary from his employer, where it appeared that his ability to serve his employer was diminished, and that if he lost his present position, his disability would seriously affect his earning capacity.

5. CARRIERS ⟲318(3)—PERSONAL INJURY— DEFECTIVE SEAT—EVIDENCE.

In a passenger's action for personal injury when the back of a seat gave way and his foot was caught under the seat in front of him, evidence held to authorize a finding of negligence in that the seats had not been properly inspected.

Appeal from District Court, Collin County; M. H. Garnett, Judge.

Action by P. G. Rogers against the Missouri, Kansas & Texas Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

Wallace Hughston, of McKinney, for appellant. Merritt & Merritt, of McKinney, and M. S. Church, of Dallas, for appellee.

HALL, J. Appellee sued appellant, alleging that he was a passenger on the defendant's train from Greenville, Tex., to McKinney, Tex., and that after he entered the train and went to sit down the back of the seat in which he sat suddenly gave way; that his foot was caught under the seat in front of him, and, his body having fallen backward with great force, his foot and ankle were severely injured; that such injuries were caused by the negligence of defendant in carelessly maintaining the seat; that the back of said seat was broken, loose, and out of repair.

[1] The first assignment is that the verdict is excessive, and is not supported by the evidence. The substance of appellee's testimony is that on the morning of December 29th he was a passenger on defendant's line of road between Greenville and McKinney; that there were two coaches on the train for passengers; that when he attempted to take his seat the end of the back next to the wall of the car broke from some reason, and he fell backward when the seat gave away; that his foot was caught under the seat in front of him, causing the injury complained of; that since said time he uses a cane to keep his weight off that foot on account of the fact that it pains him greatly; that he keeps the ankle bandaged up in a leather bandage worn inside his shoe; he wears this continuously, except at night; that his foot was swollen for about 16 months after the injury; and that the swelling would come and go. The testimony shows that he had been a baker by trade, and several years before the date of the accident commenced working as lineman and wire chief for the telephone company; that his duties required him to climb telephones poles; but that since the accident he had not been able to perform his duties in that particular on account of the fact that putting on the spurs used in climbing and throwing his weight on the injured ankle caused him great pain. He admits that the doctor whom he consulted soon after the accident told him to keep his weight off of it as much as possible. He says he cannot follow his trade as a baker, which requires him to be constantly on his feet, and in his telephone work he must now depend upon other employés under him to perform the services; that he is still wire chief, but does not perform all the duties of the position since the accident; that as such wire chief he was expected to keep the wires up, inspect the lines, string wires, set poles, wire poles, put up cables, and see that it was all done in good shape; that he could do none of these things now. He testified that doctors had been treating him at intervals ever since the accident; that his earning capacity as a baker was from $18 to $25 per week; that as lineman he was receiving $85 per month. Further testifying with reference to the extent of his injuries, he stated that he had his foot examined by his family physician shortly after he reached McKinney; that it was swollen and blue, and that it pained him; that after a year from the injury there came a sore on his foot which burst and ran, but finally healed; that he was never confined to his room by reason of the injury, and had never been able to give his foot complete rest; that after the accident there were no abrasions; that he called no one's attention to the broken seat. He testified that he was 42 years of age. Several physicians testified who had at various times examined appellee's foot. They expressed the opinion that, if it was still paining him as described, the injury would be permanent. It appears that, although appellee is not able to perform all the duties of wire chief, the telephone company continues to pay him the same salary. The testimony is voluminous, but we believe we have given its substance, and while the verdict in the sum of $6,000 in a sense is large, we are not prepared to say that it is excessive, and there is nothing in the record tending to show that it is the result of prejudice.

[2] Under the second assignment the proposition is urged that there is such a variance that the verdict and judgment should not stand; that plaintiff alleged that his injury was caused by the negligence of appellant's servants and employés in charge of the train, when the evidence shows that inspection of car seats was no part of the duty of railway servants in charge of the train, but was properly the duty of other servants, known as train inspectors. The allegation of negligence is found in several paragraphs of the petition, and the charge is that the negligence was that of defendant, its servants, agents, and employés in charge of the train, and of said coach in which plaintiff was riding. No objection was made to the evidence at the time of its introduction, and the variance is not such as would probably surprise the appellant. The error, if any, is harmless.

[3] Appellant further contends that the court erred in refusing appellant's special charge, to the effect that the jury should not consider as an element of damage any mental pain claimed to have been suffered by plaintiff as a result of his alleged injuries. Where serious and permanent physical injury is shown, the jury is warranted in finding that there was mental pain, and under the evidence we think the court was justified in submitting this issue. G., H. & S. A. Ry. Co. v. Averill, 136 S. W. 98; Freeman v. Johnson, 136 S. W. 275; Ft. Worth Belt Ry. Co. v. Turney, 157 S. W. 274.

[4] The court did nor err in submitting to the jury as an element of damages the plaintiff's diminished capacity to labor and earn money.• While it appears that he is at present receiving the same salary from his employers as heretofore, the evidence is clear that his ability to serve his employer is diminished, and in the event he should lose his present position, his disability would seriously affect his earning capacity. G., C. & S. F. Ry. Co. v. McKinnell, 171 S. W. 1091.

[5] It was shown that the seats were old, and had been in use for many years, that their condition required constant repairing and careful inspection, and the jury was authorized to conclude that the seats in this particular car had not been properly inspected, and that such failure was an act of negligence.

We find no reversible error, and the judgment is affirmed.

HUFF, C. J., not sitting, being absent in Austin, sitting with committee of judges passing on applications for writs of error.

---

⬡⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes