**HARTFORD ACCIDENT & INDEMNITY INS. CO. v. MILLER et al. (No. 3004.)**

Court of Civil Appeals of Texas. Amarillo. March 28, 1928.

Rehearing Denied April 25, 1928.

1. **Appeal and error** &#9752;&#8594;218(2)—**Erroneous submission of two issues in same special issue is not available to appellant who failed to request separation.**

Alleged error in case submitted on special issues, on ground that two issues were submitted together, is not available to appellant, who made no request for separation of issues.

2. **Appeal and error** &#9752;&#8594;232(1)—**Requested special issue as to whether plaintiff was in course of employment when injured held not equivalent to request for separation of issues.**

In suit to set aside ruling of Industrial Accident Board refusing compensation, tender of requested issue as to whether or not plaintiff was in course of employment when he sustained injury held not a request for separation of issues of injury and question of course of employment, so as to render available objection that issue submitted was multifarious.

3. **Trial** &#9752;&#8594;352(1)—**Special issue requested as to whether plaintiff was in course of employment when injured held properly refused, though defendant in its exception admitted injury.**

In suit to set aside ruling of Industrial Accident Board refusing compensation, refusal of special issue tendered by defendant as to whether plaintiff was in course of his employment when he sustained the injury complained of *held* not error, since issue as framed improperly presented assumption of fact that plaintiff was injured, though defendant in its exception admitted injury.

4. **Trial** &#9752;&#8594;255(13)—**Trial court's failure to define course of employment held not available to defendant who failed to tender special charge defining term.**

Failure of trial court to define "course of employment" in suit to set aside award of Industrial Accident Board, tried on special issues, *held* not available to defendant who failed to tender special charge defining the term.

5. **Master and servant** &#9752;&#8594;417(5)—**Extent of plaintiff's incapacity held for jury under conflicting evidence, in action to set aside award refusing compensation.**

In suit to set aside ruling of Industrial Accident Board refusing compensation, conflicting evidence as to extent to which injury incapacitated plaintiff from labor made issue for jury.

6. **Master and servant** &#9752;&#8594;385(8)—**Fact that plaintiff received equal or larger wages after injury held not to prevent recovery of compensation, where earning capacity was affected.**

Fact that plaintiff suing to set aside award of Industrial Accident Board was being paid as much or more than he earned prior to the injury *held* not to prevent recovery of compensation, where earning capacity was seriously affected, since capacity or incapacity is not measured solely by wages which plaintiff received.

Appeal from District Court, Wichita County; W. W. Cook, Judge.

Action by Ed Miller against the Hartford Accident & Indemnity Insurance Company and others to set aside a ruling of the Industrial Accident Board. Judgment for plaintiff, and defendant named appeals. Affirmed.

Carrigan, Britain, Morgan & King, of Wichita Falls, for appellant.

Engelking & Dotson, of Electra, for appellees.

RANDOLPH, J. Ed Miller, as plaintiff, brought this suit in the district court to set aside a ruling of the Industrial Accident Board refusing to award him compensation for an alleged injury.

On trial in said court, the case was submitted to a jury upon special issues, and, on the answers returned by the jury, the trial court rendered judgment for the plaintiff, from which judgment this appeal has been taken.

The defendant, appellant, submits as error that the trial court erred in refusing to give to the jury the following requested special issue, to wit:

"Was the plaintiff, Ed Miller, in the course of his employment when he sustained the injury complained of in this case?"

Defendant contends under this proposition, and also under proposition No. 2, that the one controlling issue was whether or not Ed Miller was in the course of his employment when injured; that the case turned upon this one issue; that the court erred in refusing to submit the issue which would have affirmatively presented the question to the jury; also that the court erred in not defining, in the language of the statute, what is meant by "injured in the course of his employment."

The trial court gave its issue No. 1 to the jury in the following language:

"Did the plaintiff, Ed Miller, sustain injury in the course of his employment by Black, Sivalls & Bryson, Inc., on or about January 11, 1926?"

The defendant insists that the issue, as submitted by the court, was not a proper issue, that it was ambiguous and misled the jury, and that it did not present the vital issue in the case.

The defendant's exception to issue No. 1, submitted to the jury by the court, is as follows:

"(a) That there is no evidence to support said issue.

"(b) Said issue is so worded as to put the emphasis on whether or not Ed Miller sustained injury."

It is admitted that Ed Miller did sustain injury, and the question that defendants are

contesting is the question of whether such injury was in the course of his employment, and the issue should be, "Was the plaintiff, Ed Miller, in the course of his employment when he sustained the injury complained of in this case?" and further excepts because said charge nowhere defines, so that the jury can know what is meant by the term, "in the course of his employment."

It will be seen that there is nowhere presented any exception to such issue No. 1 that it was multifarious, in that two issues were submitted in the same special issue.

[1-3] There is no more emphasis given to the question, "Was Ed Miller injured?" than there is on the question as to whether or not he was injured "in the course of his employment." There having been no request for a separation of the issues, unless the special issue above quoted requested by defendant can be taken as a request to separate such issues, the error is not available to the defendant. Evans v. Hartman (Tex. Civ. App.) 286 S. W. 326; Wichita Falls, R. & Ft. W. Ry. Co. v. Emberlin (Tex. Civ. App.) 274 S. W. 991. This being true, was it error on the part of the trial court to refuse to submit the issue as tendered by defendant's special issue above set out? We do not think so, for the reason below stated. The defendant had the right to have the issues separated on request. The tender of the requested issue as to whether or not the injury occurred during the course of plaintiff's employment, was not a request for the separation of the issues, and cannot be so construed. The issue, as tendered, was improper, and should not have been submitted, because it was so framed that it presented an assumption of fact; i. e., that the plaintiff was injured. This being true, the trial court would have committed reversible error if he had given it. This is correct even though in its exception to the trial court's issue the defendant admitted the injury. This admission, coming in an exception to the issue, was not admissible to base an allegation of error on. The defendant, in the answer, denied all the allegations in the plaintiff's petition; this included the alleged injury to the plaintiff. Further the defendant introduced the testimony of the witnesses Drs. Johnson and Hargraves, attacking the claim of injury and the nature thereof by expert testimony. There is nothing disclosed by the record to indicate that the question of the injury and the extent of same was admitted before the jury, and to have given the special issue tendered by the defendant would have thrown no light on the question of the extent of the injury or whether or not it occurred during the course of plaintiff's employment.

[4] The trial court was not tendered a special charge, defining "in the course of his employment"; hence the alleged error in the failure of the trial court to define same in

the issue submitted to the jury cannot be urged by the defendant. Thompson v. Van Natta (Tex. Civ. App.) 277 S. W. 711; O'Neal v. Bush & Tillar, 108 Tex. 246, 173 S. W. 869, 177 S. W. 953, 191 S. W. 1133.

The holding in the case of Gulf, C. & S. F. Ry. Co. v. Conley, 113 Tex. 473, 260 S. W. 561, 32 A. L. R. 1183, is not applicable here. In that case the Supreme Court held that the charge as given imposed a greater burden upon the carrier of passengers than is required by law, and hence was affirmative error. In the case at bar, the charge as given was the law of the case, and, if the defendant desired the submission of such issue, it should have presented a charge correctly defining the meaning of the statute in the use of the language, "during the course of his employment."

In addition, we wish to say that the special issue presented to the trial court does not anywhere, as stated, define the use of that term, but assumes injury to the plaintiff, without defining the conditions upon which such injury would be compensable.

The appellant excepted to the trial court's submission of issues 2, 3, 4, 5, 6, and 7, relating to the total incapacity and partial incapacity of the plaintiff, for the reason that there was no evidence to justify the submission of such issues. This is based, first, on defendant's contention that the evidence showed that, with the exception of a very short time lost by the plaintiff, he continued laboring, and for the greater period received more compensation or wages than he was receiving at the time he was injured.

The jury found that the injuries received by the plaintiff totally incapacitated him from work; that such total incapacity existed for 50 weeks; that after such total incapacity ceased plaintiff was partially incapacitated from labor; that such partial incapacity existed for a period of 300 weeks and existed at the time of the trial.

[5] The evidence is conflicting, and it was within the province of the jury to decide such conflict, which they did. Therefore their verdict will not be disturbed unless the further contention of appellant, that the plaintiff continued to earn as good wages or better than he had earned prior to and at the time of such injury, should estop the plaintiff from claiming compensation.

As stated above, we think there is evidence to justify the submission of the issues and the verdict of the jury thereon, and we do not feel that it will accomplish any good result for us to state the evidence at length, but we will discuss the question raised by defendant that the plaintiff was not entitled to compensation because he was being paid, after the injury, as much as or more than he earned prior to the injury or was earning at the time he was injured.

[6] While the evidence discloses that the

plaintiff has been receiving the same or larger wages than he received prior to his injury, there is evidence that his earning capacity has been seriously affected, and his capacity or incapacity is not to be measured solely by the fact that he has received such wages since his injury, and, in the event he should lose his position with his present employer, the injury received by him has seriously affected his earning capacity. G. C. & S. F. Ry. Co. v. McKinnell (Tex. Civ. App.) 171 S. W. 1091; M. K. & T. Ry. Co. v. Rogers (Tex. Civ. App.) 201 S. W. 417.

We have carefully considered all propositions and assignments, and, finding no reversible error, we affirm the trial court's judgment.