## DAVIES v. TEXAS EMPLOYERS' INS. ASSN.
### Motion No. 8695; No. 1046—5244.

Commission of Appeals of Texas, Section B.
June 25, 1930.

Vickers & Campbell and W. F. Schenck, all of Lubbock, for plaintiff in error.

Roscoe Wilson, of Lubbock, and Leachman & Gardere and S. P. Sadler, all of Dallas, for defendant in error.

SHORT, P. J.

The defendant in error vigorously assails, in its motion for rehearing, the conclusion reached by us in our original opinion rendered in this case, that the pleadings of the plaintiff in error were sufficient, measured by a general demurrer. Upon a re-examination of the record, as applicable to this partic-ular question, we are confirmed in the correctness of our views, as expressed in the original opinion.

■■ The motion next attacks the original opinion on the ground that it does not pass upon all questions of law assigned by it in the Court of Civil Appeals. In deference to this contention, we will discuss the only other serious question not discussed in our original opinion presented by the defendant in error, as embraced in assignments 46 and 47. These assignments may be summarized as follows:

"Because the verdict of the jury in answer to Special Issue No. 1, contained in the Court's charge, is contrary to and against the great preponderance of the evidence in this cause, in that the evidence showed indisputably that the said Davies was not totally incapacitated for work after June 1st, 1926, but that after said date he had a capacity for work to earn a little less than Twenty-four Hundred ($2400.00) Dollars, and to work about fifty-five (55) weeks from June 1st, 1926, up to the date of the trial, and still at the time of the trial was earning One Hundred Seventy-five ($175.00) Dollars per month and had a very good position."

It will be noted that in these assignments the assertion is made that the verdict of the jury, in answer to special issue No. 1, is without any evidence to support it. It is true that the assignments also make the assertion that the verdict is against the great preponderance of the evidence, but this general statement is followed by the special assertion that the uncontroverted evidence showed indisputably that the employee was not totally incapacitated for work after June 1, 1926. Therefore these assignments present a question of law, and not one of fact, and it is the duty of the Supreme Court to pass upon this question of law. Had the assignments presented the question whether the verdict was supported by sufficient evidence to sustain it, in the absence of a disposition of this question by the Court of Civil Appeals, it would have been necessary to have relegated the decision of this question to that court. We have examined the record in this case and have reached the conclusion that there is ample testimony to support the verdict of the jury, in answer to special issue No. 1, which is as follows: "Do you find from a preponderance of the evidence that the cross-plaintiff Davies suffered a total incapacity for work from and after June 1st, 1926, as a proximate result of his injuries?" to which the jury answered in the affirmative.

■ The testimony upon which the defendant in error relies to support its contention, as stated in the two assignments of error, elicited for the most part from the injured employee on cross-examination, may be synopsized as follows:

"That the injured employee, Davies, was totally incapacitated for work only from the date of the injury down to the 1st of June, 1926, a period of 64-3/7 weeks; and that thereafter from June 1, 1926, to October 10, 1926, he worked as an architect superintendent of construction for Messrs. Peters & Haynes at a salary of $40.00 per week, which was a period of 18-4/7 weeks; and that thereafter from October 10, 1926, to November 25, 1926, he worked for a contractor named Schell at $50.00 per week for a period of 6-4/7 weeks, and again worked for the same contractor for one week from January 15, 1927, to January 21, 1927, earning $50.00, as a construction foreman; and that from January 26, 1927, to March 20, 1927, he worked for his brother on a farm at $2.00 per day for a period of 7-4/7 weeks; that from March 20, 1927, to April 27, 1927, he worked for a Mr. Witt, earning $15.00 per week for a period of 5-1/7 weeks; and that from April 27, 1927, down to and including the date of the trial on October 18, 1927, the said Davies had been working constantly for David S. Castle, Architect, as a superintendent of construction earning $175.00 per month, and for whom, down to the date of the trial, he had worked 24-9/7 weeks. The uncontroverted and uncontradicted evidence further showed that during this period of time, following the cessation of his total incapacity on June 1, 1926, up to and including the date of the trial, he had worked 55 weeks and had earned a total sum of $2,364.44."

We do not deem it necessary to state the evidence to be found in the record, in support of the verdict of the jury, in answer to special issue No. 1, but the evidence is sufficient, even though we should assume that the jury believed to be true the evidence we have stated above.

The plaintiff in error, in his cross-action, alleged and proved that he was a carpenter and master mechanic by trade and occupation, and received injuries in the course of his employment, whereby he was permanently injured and totally incapacitated from doing manual labor as he was accustomed to do. The injuries alleged and proven resulted from a fall sustained by the employee while working on the upper story of a building and while he was ascending to the roof, by means of a column and ladder. The injuries resulted in a fracture of his leg, and affected the movement of his legs and hips, as well as resulted in an injury to his left arm and shoulder, affected his respiratory organs and nervous system, resulting in an impairment to his health and necessitating several operations. He alleged and established by sufficient testimony that he could not do manual labor on account of his injuries; that he could not ascend and descend a ladder and get on top of buildings.

[4, 5] But the defendant in error contends that the testimony elucidated on cross-examination from the employee contradicted, conclusively, the finding of fact by the jury. We do not think it does. In determining the question of total permanent disability, that determination will not be controlled necessarily by the fact that the injured employee has been able, since the injury, to earn money. While the testimony we have stated tends to show that the employee had not suffered a total incapacity for work, as a proximate result of his injuries, it is not of that nature and character which, as a matter of law, has the legal effect to nullify the testimony which tends to show that he had so suffered. The jury exercised its privilege to decide the issue presented from all the facts in evidence adversely to the defendant in error, and, the verdict being supported by substantial testimony, we are compelled to overrule these assignments.

We do not think the other assignments of error need discussion. It is sufficient to say that none of them have sufficient merit to show injury, and we therefore overruled them.

We recommend that the motion for rehearing be overruled.