## TRINITY UNIVERSAL INS. CO. v. ROSE.

### No. 2704.

Court of Civil Appeals of Texas. Eastland.

Feb. 4, 1949.

Rehearing Denied Feb. 18, 1949.

Strasburger, Price, Holland, Kelton & Miller, of Dallas, for appellant.

Scarborough, Yates, Scarborough & Black, of Abilene, for appellee.

LONG, Justice.

This is a workman's compensation suit. W. C. Rose, plaintiff, was the employee, Bowie Implement Company of Stamford was the employer, and the defendant, Trinity Universal Insurance Company, was the insurance carrier. Rose recovered a judgment for total permanent disability based upon injuries sustained by him on August 23, 1947, while in the course of his employment for the implement company, from which judgment the Trinity Universal Insurance Company has appealed.

The insurance company predicates its appeal upon two points. Point No. One is as follows: "The error of the trial court in refusing to set aside the jury's finding in response to Issue No. 6 to the effect that the total incapacity of the plaintiff, W. C. Rose, was permanent, when such finding is so contrary to the overwhelming preponderance of the evidence as to be clearly wrong, and to indicate that the jury, in returning said answer, must have been influenced by

some improper motive of bias, prejudice, sympathy or passion. (Germane to Assignment of Error No. 1, based on paragraph 16, Amended Motion for New Trial, Tr. 24.)."

In passing upon this point, we must view the evidence in its most favorable light to the plaintiff. Bowie Implement Company was engaged in selling, distributing and repairing farm machinery. Plaintiff was employed by Bowie Implement Company and had been so employed for a number of years as a mechanic. On the 23rd of August, 1947, while in the course of his employment for said company, he sustained an injury to his back while he was loading a plow onto a truck. According to the testimony of the plaintiff, in some manner he was caught in a strained position while loading said plow, throwing an unusual heavy strain on his back and to one side, and at which time he felt a severe cutting pain in the region of his back just below the belt line. He went immediately to a doctor for treatment. He was under the treatment of doctors for several weeks and was unable to work. He further testified that the injury caused him and continued to cause him considerable pain. After the injury, the plaintiff was compelled to walk in a bending position. He further testified that he had trouble straightening up and could not bend over nor lift heavy materials. The evidence is undisputed that this condition had not existed before his injury. From the testimony of Mr. Bowie, his employer, the plaintiff was a good worker and had done his share or more than his share of the work in the shop. Plaintiff's employer continued to pay him his regular weekly wages from the time of his injury down to the date of the trial. Plaintiff returned to work for the company several weeks after his injury. However, it is his testimony and that of his employer and some of the other employees that the plaintiff could only do light work, such as work on magnetos and carburetors. The plaintiff testified that it hurt him to do light work and to stand on his feet or drive a car. He testified that there has been very little improvement in his condition since his injury.

A physician who examined plaintiff, made X-Rays of his back and treated him for the injury, testified that in his opinion, the plaintiff was totally and permanently disabled and that his condition would not improve. However, there is evidence to the contrary from doctors testifying for the insurance company.

It is the position of the insurance company that by reason of the fact that plaintiff has returned to work for his employer and that he has been paid his wages from the time of the injury on down to the date of the trial, that he is not entitled to recover for total and permanent disability. We do not agree with this contention. The fact that an employee has secured and retained employment and earned money since his injury is not controlling on the issue of total permanent disability. Davies v. Texas Employers' Ins. Ass'n, Tex.Com. App., 29 S.W.2d 987.

"Our authorities have long held that, under our Compensation Law, total incapacity does not mean utter inability to do any work at all, but that a man's disability is total, within its purview, when he can no longer 'secure and hold employment for physical labor' such as he had to do to make a living prior to his injury. 45 Tex.Jur., page 588, par. 161; Traders & General Ins. Co. v. Ray, Tex.Civ.App., 128 S.W.2d 80; Davies v. Texas Employers' Ins. Ass'n, Tex.Com.App., 29 S.W. 2d 987; Southern Underwriters v. Grimes, Tex.Civ.App., 146 S.W.2d 1058.

"These authorities further establish the principle that the mere working and earning of money after injuries are sustained is not conclusive on the question of a claimant's incapacity, but is an evidentiary matter only, to be considered with other facts and circumstances before the jury." Traders & General Ins. Co. v. Collins, Tex. Civ.App., 179 S.W.2d 525, at page 529.

We quote also from Hartford Accident & Indemnity Ins. Co. v. Miller, Tex.Civ. App., 5 S.W.2d 181, at page 182: "While the evidence discloses that the plaintiff has been receiving the same or larger wages than he received prior to his injury, there is evidence that his earning capacity has been seriously affected, and his capacity

or incapacity is not to be measured solely by the fact that he has received such wages since his injury, and, in the event he should lose his position with his present employer, the injury received by him has seriously affected his earning capacity. Gulf C. & S. F. Ry. Co. v. McKinnell, Tex.Civ.App. 171 S.W. 1091; Missouri K. & T. Ry. Co. v. Rogers, Tex.Civ.App., 201 S.W. 417."

There is evidence that the plaintiff has not been able to do the kind and character of work that he was doing and could do at the time of his injury. It is true that he is working for the same employer doing some of the same kind of work. However, the testimony shows that the work that he has done since his injury is light and that he has not and cannot do work that entails heavy manual labor. We do not think the plaintiff should be deprived of his compensation just because his employer, out of the goodness of his heart, has seen fit to pay his wages during the time he was not working and has kept him on the payroll allowing him to do light work. If he should lose his position with the implement company and if the evidence is true that he cannot do hard, heavy manual labor, it would be difficult for him to secure and maintain employment as a mechanic.

■ We feel that we would not be authorized in disturbing the verdict of the jury. Although the evidence was conflicting, it is our belief that it is sufficient to sustain the jury's finding that the plaintiff was totally and permanently disabled. For other authorities on this question, see Lott v. American Surety Company of New York, Tex.Civ.App., 140 S.W.2d 928; 45 Tex.Jur., 588, par. 161.

Point Two relied upon by the insurance company is as follows: "The error of the trial court in refusing to grant a new trial to the defendant, Trinity Universal Insurance Company, where the record shows that said company was deprived of a trial before a fair and impartial jury in that two of the jurors who were chosen and sat upon the trial of this case concealed on voir dire examination the fact that they themselves were suffering with injured backs. (Germane to Assignment of Error No. 2, based on Paragraph 20, Amended Motion for New Trial, Tr. 26)."

The trial court filed findings of fact and conclusions of law on the alleged misconduct of the jury. The findings on the matter complained of in the foregoing point is as follows:

"That there were two jurors who had old back injuries, which fact was not disclosed by the two jurors on their voir dire examination.

"However, the Court finds that the jurors composing the panel were not examined individually by defendant's counsel, on their voir dire examination, but that counsel's questions were propounded to all jurors at the same time, and the jurors were asked general, not specific questions, and they were not asked specifically as to whether they had had any back injuries."

■ The above findings by the trial court have support in the evidence heard on the motion for a new trial. The court was authorized in finding that the jurors were not asked specific questions as to back injuries. Furthermore, the burden was upon the insurance company to allege and prove that its counsel did not know prior to the verdict, that the two jurors had sustained back injuries. There is no such allegation or proof in the record. There is no showing in the record that counsel knew nothing of such back injuries before the jury's verdict was returned. If counsel was apprised of such fact before the verdict, an objection raised thereto for the first time after the verdict comes too late. De Leon v. Longoria, Tex.Civ.App., 4 S.W.2d 222; Blanton v. Mayes, 72 Tex. 417, 10 S.W. 452; Haynes v. Sosa, Tex. Civ.App., 198 S.W. 976. We find no merit in Point Two and the same is accordingly overruled.

Finding no reversible error in the points presented, the judgment of the trial court is affirmed.