GREAT AMERICAN INDEMNITY COMPANY, Appellant,

v.

Anna SEGAL, Appellee.

No. 15476.

United States Court of Appeals Fifth Circuit.

Feb. 13, 1956.

John D. Rienstra, King, Sharfstein & Rienstra, Beaumont, Tex., for appellant.

Martin Dies, Jr., Lufkin, Tex., Carl Waldman, A. W. Dycus, Waldman & Wiggins, Beaumont, Tex., Dies, Anderson & Dies, Lufkin, Tex., for appellee.

Before BORAH and JONES, Circuit Judges, and DAWKINS, District Judge.

JONES, Circuit Judge.

The appellee, Anna Segal, recovered judgment for workmen's compensation against her employer's compensation insurance carrier. We are called upon to review the award. The action had its origin in the District Court of Jefferson County, Texas, and was removed by reason of diversity of citizenship to the United States District Court for the Eastern District of Texas.

The appellee had been a warehouse supervisor employed by Reasonable Hat Shops, Inc., in Beaumont, Texas. She wrenched or twisted her back while han-

4. Solorio v. A., T. & S. F. Ry. Co., 10 Cir., 224 F.2d 544.

dling boxes of merchandise. She finished the day in pain and then procured medical attention. After a three weeks lay off she returned to work. Seven months later she went to the Mayo Clinic in Rochester, Minnesota, where she stayed for ten days seeking a remedy for her condition. She returned home and to work, wearing a brace with which she had been fitted a Mayo's. The brace was worn from the time of her return until the trial about a year later.

The proof indicated that the appellee was suffering from an intermittent intervertebral disc. There was evidence that the injury was caused by the twist or wrench of the back while handling the employer's merchandise, that she suffered considerable pain and had done so from the time of the injury, that she returned to work and continued to work in order to assist her parents, that she had been relieved of the heavier part of the work she had formerly done, that she sometimes had to leave the place of her work before the end of the day, that she constantly took sedatives to relieve pain and that these sometimes impaired her ability to do good work. It also appeared that she had received a pay raise a short time before the trial.

In her complaint the appellee alleged her injury and its continuing character, she set forth her pain and suffering, she averred that she was totally and permanently disabled, she stated she had agreed that her attorney should have one-third of her recovery, and she prayed for the maximum award of twenty-five dollars a week for four hundred and one weeks. The case was tried before a jury. Several special interrogatories were propounded. Instructions to the jury were given at some length. The jury, in resolving the special issues, found that the appellee was injured in the course and scope of her employment, that the injury was the result of an accident, that she sustained, as a result of the injury a total incapacity for a period of two hundred fifty weeks. From the judgment entered on this verdict the insurance company has appealed. The only two errors assigned go to the sufficiency of the evidence to justify the verdict and judgment. It is a high compliment to the District Judge that his rulings on evidence and his instructions are not questioned.

■ The appellant urges with much plausibility that the appellee was not and could not have been totally disabled in view of the evidence showing the appellee's continuing employment without impairment of earnings. But this argument, impressive as it is, runs counter to the law of Texas, and it is that jurisdiction which furnishes the rule by which the appellant's liability must be fixed.

■■ The Civil Court of Appeals of Texas has used language which might have been written in deciding the case before us. The Court said:

"It is the position of the insurance company that by reason of the fact that plaintiff has returned to work for his employer and that he has been paid his wages from the time of the injury on down to the date of the trial, that he is not entitled to recover for total and permanent disability. We do not agree with this contention. The fact that an employee has secured and retained employment and earned money since his injury is not controlling on the issue of total permanent disability. Davies v. Texas Employers' Ins. Ass'n, Tex.Com.App., 29 S.W.2d 987.

" 'Our authorities have long held that, under our Compensation Law, total incapacity does not mean utter inability to do any work at all, but that a man's disability is total, within its purview, when he can no longer "secure and hold employment for physical labor" such as he had to do to make a living prior to his injury. 45 Tex.Jur., page 588, par. 161; Traders & General Ins. Co. v. Ray, Tex.Civ.App., 128 S.W.2d 80; Davies v. Texas Employers' Ins. Ass'n, Tex.Com.App., 29 S.W.2d 987;

Southern Underwriters v. Grimes, Tex.Civ.App., 146 S.W.2d 1058.

" 'These authorities further establish the principle that the mere working and earning of money after injuries are sustained is not conclusive on the question of a claimant's incapacity, but is an evidentiary matter only, to be considered with other facts and circumstances before the jury.' Traders & General Ins. Co. v. Collins, Tex.Civ.App., 179 S. W.2d 525, at page 529.

"We quote also from Hartford Accident & Indemnity Ins. Co. v. Miller, Tex.Civ.App., 5 S.W.2d 181, at page 182: 'While the evidence discloses that the plaintiff has been receiving the same or larger wages than he received prior to his injury, there is evidence that his earning capacity has been seriously affected, and his capacity or incapacity is not to be measured solely by the fact that he has received such wages since his injury, and, in the event he should lose his position with his present employer, the injury received by him has seriously affected his earning capacity. Gulf, C. & S. F. Ry. Co. v. McKinnell, Tex.Civ.App., 171 S.W. 1091; Missouri, K. & T. Ry. Co. v. Rogers, Tex.Civ.App., 201 S.W. 417.'

"There is evidence that the plaintiff has not been able to do the kind and character of work that he was doing and could do at the time of his injury. It is true that he is working for the same employer doing some of the same kind of work. However, the testimony shows that the work that he has done since his injury is light and that he has not and cannot do work that entails heavy manual labor. We do not think the plaintiff should be deprived of his compensation just because his employer, out of the goodness of his heart, has seen fit to pay his wages during the time he was not working and has kept him on the payroll allowing him to do light work. If he should lose his position with the implement company and if the evidence is true that he cannot do hard, heavy manual labor, it would be difficult for him to secure and maintain employment as a mechanic.

"We feel that we would not be authorized in disturbing the verdict of the jury. Although the evidence was conflicting, it is our belief that it is sufficient to sustain the jury's finding that the plaintiff was totally and permanently disabled. For other authorities on this question, see Lott v. American Surety Company of New York, Tex.Civ.App., 140 S.W. 2d 928; 45 Tex.Jur. 588, par. 161." Trinity Universal Ins. Co. v. Rose, Tex.Civ.App.1949, 217 S.W.2d 425, 426.

The doctrine announced is followed in Texas State Highway Department v. Kinsler, Tex.Civ.App.1950, 230 S.W.2d 364, and Texas Employers Ins. Ass'n v. Evers, Tex.Civ.App.1951, 242 S.W.2d 906. Because of factual distinctions the departure of Employers Reinsurance Corp. v. Wagner, Tex.Civ.App.1952, 250 S.W.2d 420, is more apparent than real. This court has recognized and followed the enunciated principles in Associated Indemnity Corporation v. Potts, 5 Cir., 1947, 164 F.2d 1002, and Mabry v. Travelers Ins. Co., 5 Cir., 1952, 193 F.2d 497, 498. From the case last cited we quote:

"Pinched by poverty, beset by adversity, driven by necessity, one may work to keep the wolf away from the door though not physically able to work; and, under the law in this case, the fact that the woman worked to earn her living did not prevent a jury from finding, from the evidence before it, that she was totally and permanently disabled even while working."

We find no error. The evidence was sufficient, under the authorities cited, to support the verdict and judgment. The judgment should be and is

Affirmed.