The **TRAVELERS INSURANCE COMPANY**, Appellant,

v.

**Tommy Ray DILLARD**, Appellee.

No. 20283.

United States Court of Appeals Fifth Circuit.

Nov. 6, 1963.

Max N. Osborn, Thornton Hardie, Jr., Midland, Tex., for appellant, Turpin, Kerr, Smith & Dyer, Midland, Tex., of counsel.

Warren Burnett, Lee Arnett, Odessa, Tex., for appellee.

Before HUTCHESON and BROWN, Circuit Judges, and SIMPSON, District Judge.

PER CURIAM.

Appealing from a judgment on a jury verdict in a Texas Workmen's Compensation case, appellant assigns as error the action of the district judge in submitting, over defendant's objection, Question No. 1, as to whether there was any total incapacity. Insisting:

> "The law in Texas is clear and unequivocal as to the meaning of the term 'total incapacity', as used in a Workmen's Compensation case. As noted by then Commissioner Hickman in Texas Employers' Insurance Association v. Mallard (S.Ct. Texas, 1944), 143 Tex. 77, 182 SW(2) 1000, the term does not imply an absolute disability to work, but 'a person disqualified from performing the usual tasks of a workman, in such a way as to enable him to procure and retain employment, is regarded as being totally incapacitated, or totally disabled.' 182 SW(2) 1000, 1001."

appellant urges upon us that appellee's evidence wholly fails to furnish any legal basis for the jury's finding. In addition, appellant, without having filed a motion for new trial, attacks the verdict as based upon insufficient evidence.

The appellee, citing many cases, confidently insists that appellant's contention that, as matter of law, the evidence fails to support the verdict of total incapacity,

is refuted by the many cases cited and that the argument directed to the insufficiency of the evidence must fail because that attack is based upon the failure to grant a motion for new trial for insufficiency of the evidence, and appellant filed no such motion in this case, contenting itself with sole reliance upon its objection to the submission of the issue for lack of any legal evidence.

■■ A reading of the cases cited by both sides and many other cases from Texas courts, especially Indemnity Insurance Company of North America v. Cady, Tex.Civ.App., 356 S.W.2d 323, and from this court, particularly Great American Indemnity Co. v. Segal, 5 Cir., 229 F.2d 845 and Travelers Insurance Company v. Truitt, 5 Cir., 280 F.2d 784, convinces us that the law is otherwise written than as appellant claims it to be.

No error of law appearing, the judgment is

Affirmed.