**COLORADO & S. RY. CO. v. ROWE.**
**(No. 292–3555.)**

(Commission of Appeals of Texas, Section B.
March 22, 1922.)

**1. Trial ⟊350(6)—Refusal of special issue as to accident, though negative of issue submitted, held error.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1985, requiring the court to submit to the jury all issues made by the pleading, and article 1984a, providing that court shall submit the case requested on special issues raised by the pleading and evidence, and that this article shall be construed in connection with article 1985, in an action against a railroad, for negligence resulting in death of a brakeman, where the evidence raised the issue that the death was caused by unavoidable accident, refusal to submit special issue as to the liability of the railroad in case of accident was error though it was negative of issue submitted.

**2. Master and servant ⟊291(10)—Charge on burden of proof as to condition of car held erroneous.**

In an action for the death of brakeman caused by a defective car, an instruction that the burden of proof was on plaintiff to make out the case by preponderance of evidence and that the burden of proof upon each special issue is upon the party having the affirmative of the special issue, and submitting the question whether the car which was furnished by a connecting carrier was in a reasonably safe condition, and requiring an answer of "yes" or "no," was erroneous as putting the burden upon the defendant to show that car was in a reasonably safe condition.

**3. Master and servant ⟊265(2)—Burden on railroad to prove car was foreign.**

In an action for the death of a brakeman caused by a defective car, the burden of proof that the car was a foreign car was on defendant.

**4. Master and servant ⟊106(3), 124(4) — Care required of railroad handling foreign car.**

A railroad company is not liable for injury to a brakeman caused by a defective car received from a connecting carrier, unless it failed to properly inspect it or having inspected it and found it defective, put it in the train.

**5. Master and servant ⟊124(4)—Railroad's duty to inspect foreign cars.**

The duty of a railroad company to its employees is satisfied by furnishing sufficient competent and suitable inspectors, who are to act under proper instructions, rules, and superintendence, and by making a proper inspection and giving due notice to the employees of the defects discovered in cars furnished by connecting carriers.

Appeal from Court of Civil Appeals of Seventh Supreme Judicial District.

Action by Ada Rowe against Colorado & Southern Railway Company. In a former trial, after a peremptory instruction for de-

fendant, the cause was reversed and remanded by the Court of Civil Appeals. From judgment for plaintiff, defendant appealed to the Court of Civil Appeals, where the judgment was affirmed (224 S. W. 928), and from this judgment, defendant appeals. Reversed and remanded.

E. E. Whitted, of Denver, Colo., Turner & Dooley, of Amarillo, Thompson, Barwise, Wharton & Hiner, of Fort Worth, and Black & Smedley, of Austin, for appellant.

Wm. H. Childers, C. B. Reeder, and L. C. Barrett, all of Amarillo, for appellee.

HAMILTON, J. We adopt the statement of the case made by the Court of Civil Appeals, as follows:

"Appellee, as administratrix, and for the benefit of herself and two minor children, brought this suit against the Colorado & Southern Railway Company and the Fort Worth & Denver City Railway Company, to recover damages under the federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665) for the death of her husband, Edgar Rowe. The said railway companies were sued as partners, but there was a peremptory instruction for the Fort Worth & Denver City Railway Company; and, as no question arises in connection with its elimination from the case, we need refer no further to the allegations that attempted to make it liable with the appellant company. The plaintiff alleged in her petition that, on June 15, 1916, the said Edgar Rowe was in the employ of the appellant company as brakeman on a freight train running from Trinidad, Colo., to Texline, Tex.; that while said train was traveling at a rapid rate of speed one of the bottom doors of one of the cars in the train dropped open and dumped a large amount of coal on the track under the cars; that the said Rowe was at the time engaged in his duties on the train on one of the cars near said coal car, and was caused to fall from the train, and was run over and killed; that no one saw the said Rowe at the exact moment, so that plaintiff cannot set out the exact manner in which he was killed, but alleges that the falling of the coal on the track caused the air hose of the train to uncouple, setting the brakes suddenly and unexpectedly, and so jarred and shook the train that it contributed to, and was one of, the causes of the said Edgar Rowe's fall; that said coal falling from said car bounced and struck the said Edgar Rowe, which also contributed to his fall; that the cars were jolted by running over said coal on said track, and this fact contributed to cause said Rowe to fall from said car; that a great dust was caused to arise from the coal falling on the track, which blinded and choked the said Rowe, and also contributed to his said fall; 'that each and every thing herein alleged was the proximate cause of his said fall, and that all, taken together, was the proximate cause of said fall and said killing'; that the door of said car was insecurely fastened; and that it was negligence on the part of the defendant to use said car and transport the same in a train in such condition. Defendant an-

swered by exceptions, general denial, and pleas of assumed risk, and contributory negligence."

The case was submitted on special issues of fact upon answers to which, by the jury, the court rendered judgment in favor of plaintiff for $15,000 apportioned among the plaintiff and the two children. Defendant appealed and the Court of Civil Appeals affirmed the judgment of the district court. 224 S. W. 928.

The case was tried once before, a peremptory instruction for the railroad company given, appealed to the Court of Civil Appeals, and reversed and remanded. 205 S. W. 731.

[1] The first assignment of error contends that the Court of Civil Appeals erred in holding that the trial court did not err in failing to submit to the jury the issue of fact as to whether the deceased, Edgar Rowe, was killed as the result of an accident, requested by plaintiff in error. The Court of Civil Appeals found that the issue of accident was raised by the evidence and in its opinion, concerning this matter said:

"In the original opinion we expressed a doubt as to whether the evidence was sufficient to raise the issue of accident, and the appellant complains of our failure to make an affirmative finding on this matter. We think the appellant is entitled to such a finding, and after a review of the evidence have concluded that it is sufficient to raise the issue of accident in this way. The engineer of the train testified that the coal dumped about a mile back of where Rowe fell, and had all 'rolled out up to the point where he fell.' This evidence is not in accord with that of other witnesses, but the defendant, of course, would have the right to have the jury pass on its truth. The tendency of the evidence of this witness was to show that the dumping of the coal, which was the immediate result of the only negligence charged against the defendant, had no connection with the fall of the deceased, and to show that such fall was the result of some other cause. There is a presumption, of course, against the existence of any negligence on the part of the deceased, which may have caused him to fall, and we have held, and still adhere to that ruling, that the evidence does not raise an issue of negligence on Rowe's part. This evidence and the presumptions thus tending to eliminate other causes for the fall, the only one remaining to account for it is that of accident, and this theory is compatible with the other facts, being sufficient to account for the separation of the train and the air hose," etc.

But that court held that, notwithstanding the issue was presented by the evidence, it was "merely a negative of the issue submitted as to whether the negligence of the defendant was the proximate cause of the deceased falling from the train," and should not have been submitted. That it is error to refuse to submit the issue of accident, as distinguished from contributory negligence, when raised by the evidence, under a general charge, is the law of this state as declared by our Supreme Court. G., H. & S. A. Ry.

Co. v. Washington, 94 Tex. 510, 63 S. W. 534.

In that case, plaintiff sought damages for injuries alleged to have been negligently caused by a passing train. On the trial of the case in the court below, plaintiff testified, in substance, that he was injured in the manner and under the circumstances alleged in the petition, and his statement as to how the accident occurred was corroborated by several other witnesses. There was evidence in the case to the effect that the boy was injured while attempting to get upon defendant's moving train. It was also shown that said plaintiff made and signed a written statement of the circumstances under which he was injured, and had also testified by deposition previously taken in the case that the accident occurred in the manner set out in the written statement, which is as follows:

"On the day I was injured, I was coming home from church and walking up the railroad track, when I heard a train coming from Chaney Junction toward the Fifth Ward Depot. I stepped off the track and stood beside the passing train. Just as the last box car was passing me, I stepped close to the train, and as I did so my foot struck against something in the street and I fell and my feet went under the box car and it cut both my feet off."

The court, in his main charge, instructed the jury fully on negligence and contributory negligence but did not instruct it on unavoidable accident. Defendant requested, and the court refused to submit to the jury the following special charge:

"You are instructed that, if you find from the evidence that the plaintiff was near the track of the defendant company waiting for its train to pass, and that while said train was passing by, plaintiff stumbled or fell so that his feet were run over and mashed by one or more cars of said train, then you will return your verdict in favor of the defendant."

A verdict and judgment was rendered in the trial court in favor of the plaintiff, and the Court of Civil Appeals found that the evidence was sufficient to sustain the verdict and that the judgment should be affirmed, unless the refusal of the court to give the requested instruction required its reversal, and certified to the Supreme Court for its decision the question:

"Was the refusal of the court below to give said requested instruction such error as requires a reversal of its judgment?"

The Supreme Court answered:

"We think the requested instruction should have been given, and the trial court erred in refusing same. The issue of unavoidable accident was clearly raised by this evidence, and such issue was not submitted to the jury by the court in his main charge. The defendant was not required to specially plead that the injury was the result of an unavoidable accident to entitle it to have such issue submitted to the

jury. The evidence was not only admissible for the purpose of contradicting the witness James Washington, but as a substantial defense under the general issues, and, if believed by the jury, it would have been a complete defense to the suit. Altgelt v. Emilienburg, 64 Tex. 150; Willis v. Hudson, 63 Tex. 681; Winn v. Gilmer, 81 Tex. 346, 16 S. W. 1058.

"The statement by James Washington was admissible to prove that the injury did not occur in the manner alleged in the plaintiff's petition, and, if believed to be true, would have furnished a defense to the plaintiff's action, although it might not have been an unavoidable accident. The special charge which was requested and refused would have presented both phases of the defense. These defenses were in no way connected with that of contributory negligence, pleaded by the defendant, and were not embraced in the charge of the court upon that subject.

"It is claimed by counsel for appellee that the defense presented by this special charge was covered by the general charge of the court in which the jury were instructed: 'The burden of proof is upon the plaintiff to prove, by a preponderance of the evidence, each material allegation in his petition upon which he relies for recovery, and, if the jury believe from the evidence that the plaintiff has failed to prove by a preponderance any one or more of the allegations of his petition, upon all such issues they will find for the defendant.' In its general charge, the court stated to the jury that the issues presented on the part of the plaintiff were that his injury was occasioned by the negligence of the defendant, specifying particularly the acts of negligence which produced the injury, and that the defendant pleaded a general denial and contributory negligence on the part of the injured boy. We must look at the court's charge as practical experience teaches that a jury, untrained in the law, would view it, and so regarding it, we are of opinion that a jury might not have understood that the general denial made the issue of unavoidable accident or that the injury had occured in a manner not alleged and claimed by the plaintiff, neither of which issues was expressed in the charge of the court. While it is true that the general terms in which the court's charge is expressed would, as matter of law, include the defenses presented by the special charge, it is apparent that the judge who tried the case believed that the charges on contributory negligence embraced the special charge, which position is strenuously contended for by counsel for appellee, and it is not to be supposed that the jury considered an issue not developed by the charge of the court. Under such circumstances, the defendant had the right to call upon the court to submit specifically the group of facts and circumstances which raised the issues expressed in the special charge. Without this protection, the jury, in rendering a general verdict under a charge so general as that given, may have disregarded a defense which they might have given effect to, if it had been brought to their attention. The facts of this case and the character of the charge are such as to render the refusal of the requested charge a serious deprivation of a valuable right, from which we can not say injury did not result."

The Washington Case is decisive of the question under consideration unless there is a distinction in law, as to the submission of such an issue, between cases submitted on general charges and those submitted on special issues. We do not perceive any such difference. Under a general charge, the jury determines the facts and applies the law thereto as given to it by the court. When specials issues only are submitted, the jury determines the facts, and the court applies the law to the facts so found. If under a general charge, in a negligence case where the issue of accident is raised by the evidence, that issue must be presented to the jury, upon what theory can it be contended that such an issue should not have been submitted if such case had been tried under a charge on special issues?

The act authorizing special verdict was enacted in 1846. That method of trying cases continued simultaneously with the method by general verdict until the statute authorizing submission of special issues was enacted in 1913. Whether the laws concerning the submission of special issues are the result of a development of previous laws authorizing special verdicts of a jury or not, it is a fact that the method provided by those laws for submitting charges to juries has, in large measure, supplanted the method of submitting cases on general charges, and we find nothing in those laws that deprives any litigant, plaintiff or defendant, of the right to have any issue presented to the jury in his behalf by the charge of the court on special issues that might be presented to it in the same case if a general charge were given. Article 1985 of the statute requires the court "to submit all the issues made by the pleading." Article 1984a required the court to submit the case at request on "special issues raised by the pleading and evidence," and provides that this article shall be construed in connection with article 1985. Defendant's general denial made the issue of accident. This issue was co-ordinate with the issue of negligence.

If a finding that the defendant was negligent was a negative finding that there was no accident, likewise, a finding that death resulted from accident would have been a negative finding that there was no negligence. Therefore, each issue should have been submitted to the jury so that notice of both might have been given, thereby affording them equal opportunity to attract the attention and win the favor and secure the approval of the jury instead of requiring the issue of accident to stand outside with only the probability of being considered and with no greater possibility of favor than silent approval involved in the rejection of its rival.

The requested special issue submitting the issue of accident, while substantially correct, is defective in its definition of accident, and,

(238 S.W.)

upon the trial of the case again, the meaning of that term should be made clear and exact.

[2] Defendant in error's third, fourth, fifth, and sixth assignments of error complain of the court's charge on the burden of proof and of its refusal to give defendant's special requested charge on that phase of the case.

The portions of the charge necessary to make apparent the matter complained of are:

"1. The burden of proof is on the plaintiff to make out her case by either positive or circumstantial evidence or both, and by a preponderance of the evidence; and in this connection you may consider all the facts and circumstances in evidence, whether introduced by the plaintiff or defendants.

"The burden of proof upon each special issue submitted to you is upon the party having the affirmative of said special issue. If the affirmative of any special issue is proved by a preponderance of the evidence you will answer such special issue in the affirmative; and if the affirmative of any special issue is not proved by a preponderance of the evidence you will answer such special issue in the negative."

Then, after defining "ordinary care," "negligence," "contributory negligence," and "proximate cause," and explaining assumed risk, it set out nine special issues of fact, the first of which is in these words:

"Was the El Paso & Southwestern coal car, which was furnished to the crew in charge of the train at the time and place alleged in plaintiff's petition, in a reasonably safe condition for the said crew and Edgar Rowe to haul and handle in the manner and on the road over which they undertook to haul it? Answer 'Yes' or 'No.'"

From the language of the charge above set out, "the burden of proof upon each special issue submitted to you is upon the party having the affirmative of said special issue," it is clear that the burden of proof as to this issue was placed upon the defendant. The burden of proof was upon the plaintiff to show that the car was not in a reasonably safe condition. Therefore, the charge was erroneous.

Defendant's objection to the charge nearest approaching an objection that it placed the burden of proof upon the defendant is as follows:

"Defendant excepts and objects to section 2 of paragraph 1 of the court's main charge, wherein the court instructs the jury that the burden of proof upon each special issue submitted is upon the party having the affirmative of said special issue, the error being that the court should not leave it to the jury as to who has the affirmative of proving the facts in the special issues submitted; that the court should specifically instruct the jury as to what special issues; that the burden of proof is upon the plaintiff and as to what special issues the burden of proof is upon the defendant, and the jury not being learned in the law cannot understand and will not probably understand upon who the affirmative of any issue might be; hence, the court in his charge should pick out the special issues on which the burden of proof is upon the plaintiff, and should so instruct the jury that the burden of proof is upon the plaintiff relative to said issues, and should likewise pick out the special issues upon which the defendant has the burden of proof and instruct the jury as to the burden of proof thereon."

The Court of Civil Appeals held that this was not an objection to the charge, on the ground that it placed the burden of proof upon the defendant as to special issue No. 1, and further held that the question was not and could not be raised by plaintiff in error's assignment in that court, based on the refusal, by the trial court, of a requested special instruction which correctly stated the law as to the burden of proof on that issue. Since the latter question probably will not arise on another trial of the case, it is not necessary to dispose of it here.

Eighth and ninth assignments of error complain of the action of the Court of Civil Appeals in holding that the trial court did not err in submitting to the jury the issue of negligence in such form as to require the jury to determine whether the defendant was guilty of negligence in furnishing to Edgar Rowe the El Paso & Southwestern car in its then defective condition, and did not err in refusing to submit to the jury certain special issues requested by defendant, concerning inspection of the car at the time it was received by the Colorado & Southern Railway Company, before putting it in the train on which Rowe was working at the time of his death, the contention being that the evidence showed conclusively that the El Paso & Southwestern car was a foreign car, and that therefore the duty of defendant was only to make a reasonable inspection of the car.

The car was referred to by the witnesses as "the El Paso & Southwestern car." There is no direct statement by any witness that the car from which the coal fell was marked "E. P. & S. W." or otherwise, nor it there any statement by any witness giving the number of the car from which the coal fell. Plaintiff in error proved that a certain car, known as "E. P. & S. W. 7422" was inspected on June 12, 1916, and again on June 14, 1916, at Ludlow, Colo. The inspection slips made at these inspections show that the initials of the car were "E. P. & S. W. No. 7422." But it is nowhere shown positively that the car inspected was the car from which the coal fell on the night Rowe was killed. The car was delivered by the defendant, empty, to the Colorado & Southeastern Railway Company on June 12th, to be loaded with coal. It came back to the defendant from the Colorado & Southeastern, June 14th, loaded with coal. The Court of Civil Appeals found that

the evidence was not sufficient to raise an issue of fact as to whether the car was a foreign car.

[3] Since the case must be reversed and since it is probable that the evidence on this issue will be different and fuller on another trial, it would serve no useful purpose for us to decide the matter here, and we do not. The burden of proof is upon the defendant to prove that the car was a foreign one.

[4] If the evidence, on another trial, is such as to render it inferable that the car was a foreign one, the issue as to that fact should be submitted to the jury. If it was foreign, plaintiff in error cannot be held liable for furnishing it to Rowe, even if it was defective and even if its defective condition proximately caused Rowe's death, unless plaintiff in error failed in its duty properly to inspect the car or, having properly inspected it and found it defective, nevertheless, put it in the train on which Rowe was working. If the car·was a foreign·one and "if the car came to it with defects visible, or discoverable by ordinary inspection," its duty was either to return the car to the company from which it came, or to repair ·it sufficiently to make it reasonably safe. The inspection which the company is required to make of a foreign car tendered to it by another company for transportation over its lines is not merely a formal one, but it should be made with reasonable diligence, so that its employees will not be exposed to perils, which reasonable care would have guarded against. The company receiving a foreign car can be held responsible by an employee who sustains an injury from its defects, only for failure to furnish a competent inspector, or for failure of the inspector to exercise due care in making the inspection. It is not, however, to be held responsible for hidden defects, which could not be discovered by such an inspection as the exigencies of traffic will permit. Railway Co. v. Fry, 131 Ind. 319, 28 N. E. 989.

[5] The duty of the plaintiff in error, therefore, is not that of furnishing proper machinery and instrumentalities for service and seeing that the same are kept in safe repair, but its duty is one of inspection; and this duty is performed by the employment of sufficient competent and suitable inspectors, who are to act under proper instructions, rules and superintendence. If it has furnished such inspectors, and if a proper inspection is made, and due notice of defects have been given to the employee, its measure of duty is satisfied. Atchison, T. & S. F. Ry. Co. v. Myers, 63 Fed. 799, 11 C. C. A. 439.

To the same effect are Railway v. Mackey, 157 U. S. 72, 15 Sup. Ct. 491, 39 L. Ed. 624; Felton v. Bullard, 94 Fed. 781, 37 C. C. A. 1; A., T. & S. F. Ry. Co. v. Myers, 76 Fed. 443, 22 C. C. A. 268; Texas & Pacific Ry. Co. v.

Archibald, 170 U. S. 665, 18 Sup. Ct. 777, 42 L. Ed. 1188; and Labatt on Master & Servant (2d Ed.) vol. 3, § 1075 et seq.

We have carefully considered all other assignments of error and have concluded that the Court of Civil Appeals properly disposed of the question presented in each of them.

We recommend that the judgment of the Court of Civil Appeals and of the district court be reversed, and that the cause be remanded for a new trial.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.