**PASS et al. v. GULF, C. & S. F. RY. CO.**

**No. 8116.**

Court of Civil Appeals of Texas. Austin.

May 29, 1935.

Rehearing Denied June 19, 1935.

Claude Miller, of Waco, Henry Taylor, of Temple, and Wood Zachry and Sam Darden, both of Waco, for appellants.

J. B. Daniel, of Temple, and Wren, Pearson & Jeffrey, of Fort Worth, for appellee.

BAUGH, Justice.

W. R. Pass, an employee of the Temple Fuel & Feed Company, sued the appellee for damages for personal injuries received by him while unloading a car of feedstuff, spotted on a spur track adjacent to his employer's place of business at Temple, Tex. The car in question belonging to the Chicago, Rock Island & Gulf Railway Company, was loaded at Fort Worth, Tex., by the Ralston-Purina Mills, consigned under seal to the Temple Fuel & Feed Company, and routed into Temple over the Gulf, Colorado & Santa Fé Railway Company's line. After it was placed on the spur track there, and the seal had been broken, the door to the car had been opened and closed a time or two by the employees of the consignee, and the car partly unloaded, the door to the car would not close. The car door was supported by superimposed iron hangers and opened and closed by sliding or rolling on a supporting track at the top along the side of the car. In hammering on the hangers in the effort to close it, one of the hangers broke and fell on appellee's head, inflicting the injuries complained of. The Temple Fuel & Feed Company carried workmen's compensation insurance with the Republic Underwriters Insurance Company, against which the Industrial Accident Board awarded Pass $7 per week for 200 weeks as compensation for his injury. Said insurance company intervened in this suit to recoup against the railway company the amount of such award. Trial was to a jury upon special issues, and upon their answers thereto judgment rendered for the defendant, from which Pass and the insurance company have appealed.

Numerous grounds were alleged, and appellants' assignments on this appeal complain of the failure of the trial court to submit to the jury numerous requested special issues presenting the grounds of negligence alleged by them, which they claim were raised by the evidence. Some of the issues requested were clearly not raised by any evidence, and under the uncontroverted evidence and the issues submitted to the jury without objection from appellants, we think a correct judgment was entered, and the other contentions made by appellants became immaterial, whether the evidence raised them or not.

The car in question being what is termed a "foreign car," that is, not owned by the Gulf, Colorado & Santa Fé Railway Company, and being delivered to appellee already loaded and under seal, the duty of appellee as stated by the Commission of Appeals, approved by the Supreme Court, in Colorado & S. Ry. Co. v. Rowe, 238 S. W. 908, 912, is: "The company receiving a foreign car can be held responsible by an employee who sustains an injury from its defects, only for failure to furnish a competent inspector, or for failure of the inspector to exercise due care in making the inspection. It is not, however, to be held responsible for hidden defects, which could not be discovered by such an inspection as the exigencies of traffic will permit." See numerous cases therein cited; also, Gulf, W. T. & P. Ry. Co. v. Wittnebert, 101 Tex. 368, 108 S. W. 150, 14 L. R. A. (N. S.) 1227, 130 Am. St. Rep. 858, 16 Ann. Cas. 1153; Kansas City, M. & O. Ry. Co. v. Pysher (Tex. Civ. App.) 195 S. W. 981; Galveston, H. & S. A. Ry. Co. v. Parish (Tex. Civ. App.) 93 S. W. 682; Atchison, T. & S. F. Ry. Co. v. Myers (C. C. A.) 63 F. 793. The due care required is ordinary care as applied to the circumstances of the particular case.

It is not controverted that all railroads, handling said car from the time it was loaded until set out on the consignee's industry track at Temple, furnished competent and experienced inspectors. While

appellants insist that the evidence does not show that such inspectors inspected this particular car en route, since appellants charged only the Gulf, Colorado & Santa Fé with negligence, its liability must depend upon whether it discharged its duty in the premises. When trains were inspected, record was made by the inspector only of cars which were found to be defective, and the records of inspection of trains in which this car moved from the time it was loaded at Fort Worth to the time it was spotted for unloading at Temple failed to show any defects discovered in the car. It is not controverted that inspections were made at Fort Worth, at Cleburne, and at Temple of the train which included the car in question; that same were made by competent and experienced inspectors under proper rules, regulations, and supervision of the railway company; and that same were made in the usual and customary manner. And we think it was clearly established that such inspections were made as carefully as the exigencies of the traffic would permit.

The record also discloses, without substantial controversy, that the defect in question was a hidden defect. It consisted of an old break or crack on the inside of the hanger arm of the car door. This was not visible from an outside inspection except for a small fractional part of an inch on one edge of the hanger bar where the break extended through to the outer edge. As to doors, the inspection was made from the ground, and the hanger was just beneath the roof of the car, some five or six feet above the inspector's head. All those qualified to testify on the subject, after an inspection of the broken hanger arm which fell upon Pass, and the old break therein, testified that the defect could not have been discovered except by a minute and very close inspection; and some witnesses testified that it could have been detected only by opening the door of the car and examining the hangers from the inside. This being a foreign car and under seal, the employees of appellant were neither authorized nor required to make any such inspection in the discharge of their duties. Gulf, W. T. & P. Ry. Co. v. Wittnebert, supra.

After the car was spotted at Temple, the seal broken, the door opened and closed a time or two, and the shipment partly unloaded, it hung while being manipulated by the employees of the consignee. These employees sought to jar it loose by hammering on the hanger arm, when the arm broke entirely at the old break, and fell on Pass' head, causing the injury. It may be seriously doubted whether the injury resulted proximately from such defect under such circumstances. Regardless of that, however, if appellee discharged the full duty imposed upon it by law in the premises, it was not liable in any event. And in this regard, there was submitted to the jury, without objection of appellants, special issue No. 4, as follows: "Do you find from a preponderance of the evidence that defendant railway company, through its agents, servants and employees, by the exercise of ordinary care could have discovered the defective condition, if any, of the hanger on the door of said car in the inspection, if any, which defendants made of said car before it was spotted in Temple for unloading by Temple Fuel & Feed Company?"

To this question the jury answered, "No." No complaint is made that the evidence was not sufficient to sustain this finding. On the contrary, it was amply if not conclusively so. Under this finding, the rules of law above announced, and the uncontroverted evidence, we think appellants wholly failed to show any negligence on the part of appellee. And the issues requested and refused, of which complaint is made—that is, whether an inspection was made of the hanger of the door in question, whether appellee furnished a car in reasonably safe repair for unloading, whether it was negligent in failing to discover and repair the defective hanger arm, or in failure to warn Pass of such defect, or in failure to furnish him a safe place to work—were not raised by the evidence or else were not pertinent to the real issue upon which appellee's liability depended. We do not deem it necessary, therefore, to discuss them in detail. Under settled rules of law, the findings of the jury, and the undisputed facts, clearly appellee was not liable for the damages sustained. The judgment of the trial court, therefore, will be affirmed.

Affirmed.