A. N. Wright v. Traders & General Insurance Company.

No. 7149. Decided January 4, 1939.
(123 S. W., 2d Series, 314.)

*Thomas & McDonald,* of Big Springs, for plaintiff in error.

Where the only pleadings of the defendant in a compensation case is that of a general denial, the trial court is under no duty to submit affirmative defensive issues, in that a general denial does not raise an affirmative issue. Plaintiff is entitled to a submission of the case in accordance with the pleadings and evidence, namely, total and permanent disability, or in the alternative partial disability, and it is not error for the court to conditionally submit such issue of partial disability, upon a previous finding of total and permanent disability. Texas Emp. Ins. Assn. v. Hilderbrandt, 80 S. W. (2d) 1031; Casualty Reciprocal Ins. Exch. v. Stephens, 45 S. W. (2d) 143; Panhandle & S. F. Ry. Co. v. Brown, 74 S. W. (2d) 531.

*Paul A. Speer,* of Amarillo, *Benbow, Saunders & Holliday, Claude Williams* and *Henry D. Akin,* all of Dallas, for defendant in error.

It was error for the trial court to submit the issue of partial incapacity as distinguished from total incapacity only conditionally, and in overruling defendant's objection thereto on the ground that it was not submitted unqualifiedly and unconditionally because such issue was raised by the pleadings which consisted of defendant's general denial and by the evidence which showed that plaintiff was able to work. Texas Ind. Ins. Co. v. Thibodeaux, 129 Texas 655, 106 S. W. (2d) 268; Traders & General Ins. Co. v. Shanks, 83 S. W. (2d) 781; Southern Underwriters v. Stubblefield, 108 S. W. (2d) 557.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

This is a compensation case in which A. N. Wright, plaintiff in error, recovered judgment against Traders & General Insurance Company, defendant in error. Justice Funderburk concurred in the order of the Court of Civil Appeals reversing and remanding the cause, but dissented from the majority holding that the conditional submission of the issue of partial incapacity was an additional ground for reversal. 95 S. W. (2d) 753. The writ was granted upon alleged conflicts. Reference is

made to the majority and dissenting opinions for a fuller statement.

Plaintiff Wright pleaded both total and partial disability, the latter alternately. Defendant pleaded only a general denial on the merits of the case. There was evidence to support both issues as well as the related issues of temporary total and temporary partial disability. The related issues need not be noticed further since the manner of their submission will be controlled by the principles applicable in submitting partial disability presently to be discussed.

The trial court submitted among others the following special issue: "Do you find from a preponderance of the evidence that the injuries, if any, sustained by plaintiff * * * resulted in the partial incapacity of plaintiff * * *?" A preamble to the issue instructed the jury to answer it only in the event it had answered in the negative a previous issue concerning plaintiff's total incapacity. The jury answered the previous issue that plaintiff was totally incapacitated and observing the instruction given in the preamble, did not answer the inquiry as to partial incapacity.

Defendant objected to the manner in which the issue was submitted on the ground that the instruction that it be answered only upon the condition stated constituted a denial to defendant of an unconditional submission of its defense of partial incapacity. The Court of Civil Appeals holds in its majority opinion that the trial court erred in not submitting the issue both unconditionally and affirmatively, and for this error as well as for an additional error concerning which the entire court was in agreement, reversed and remanded the cause.

The conflict formerly existing in the decisions as to whether the issue *should* be submitted conditionally or unconditionally was resolved in favor of unconditional submission in Traders & General Insurance Co. v. Shanks (wr. ref.), 83 S. W. (2d) 781. The question as to whether the issue should be submitted both affirmatively and negatively was set at rest, inferentially at least, in Texas Indemnity Ins. Co. v. Thibodeaux 129 Texas 655, 106 S. W. (2d) 268, decided in response to questions certified subsequent to the decision of the Court of Civil Appeals in the present case. It holds that in a compensation suit wherein the pleadings and evidence raise the issues of both total and partial incapacity, defendant has a right to the direct submission unconditionally of partial incapacity; and further that submission of such issue conditionally constitutes reversible error.

■ It is stated in the majority opinion that defendant's general denial is sufficient to raise the issue of partial incapacity, the issue having been pleaded by plaintiff. This holding is correct. To the cases there cited which support the holding—some involving the same issue as is here involved, and others in point in principle only—may be added the following: Texas Employers Ins. Assn. v. Marsden (per curiam by this Court), 131 Texas 256, 114 S. W. (2d) 858; Id. (Civ. App.), 111 S. W. (2d) 1138; Commercial Standard Ins. Co. v. Noack (Com. App.) 62 S. W. (2d) 72; Texas Employers Ins. Assn. v. Horn, 75 S. W. (2d) 301; Indemnity Ins. Co. of N. A. v. Boland (wr. ref.), 31 S. W. (2d) 518; Indemnity Ins. Co. of N. A. v. Sterling, 51 S. W. (2d) 788; Texas Indemnity Co. v. Perdue (wr. ref.), 64 S. W. (2d) 386; Fort Worth & D. C. Ry. Co. v. Rowe, 69, S. W. (2d) 169.

There is apparently no disagreement between the majority of the court and Justice Funderburk that the question as presented here is settled from the standpoint of the pleadings, but the dissenting Justice takes occasion in an exhaustive dissenting opinion to add at length to his previously expressed view that the decisions settling the question are "clearly wrong," and particularizes Colorado & S. F. Ry. Co. v. Rowe (Com-App.), 238 S. W. 908, as the parent case making the erroneous decision. There is no occasion for further discussion here of that phase of the present case. Those interested from an academic viewpoint in the general question as to whether a complete specific defense is raised by a general denial, and in its historical background, development and settlement, can read with profit the dissenting opinion: Notes and Comment, T. L. R. Vol. 10, p. 217; Id. Vol. 7, p. 345; Id. Vol. 9, p. 1; Id. Vol. 8, p. 294, and 41 T. J. pp. 1115 and 1131.

The trial judge, as appears from the form of the issue quoted above, submitted partial incapacity affirmatively, as in the Thibodeaux case, supra. Justice Funderburk takes the position that if full recognition be given the rule in the Rowe case, it should be framed negatively as follows: "Do you find from a preponderance of the evidence that the injuries, if any, sustained by plaintiff * * * *did not* result in the partial incapacity of plaintiff * * *?"

Judge Martin in the Thibodeaux case, supra, takes cognizance of the fact that the trial court is frequently faced with practical difficulties in submitting a case to the jury. The difficulty in this case arises by virtue of the fact that the issue of partial incapacity presents at the same time both a basis of

recovery and a ground of defense. Should it be submitted in one issue, stated affirmatively; or in two issues, one in affirmative and the other in negative form?

■ It is a settled principle of practice that a litigant is not entitled to have two issues submitted which are opposites one to the other. It is well illustrated in Wichita Valley Ry. Co. v. Williams, 6 S. W. (2d) 439, in which the issues in question were whether the employes "stopped" the train, or "failed to stop" the train. Chief Justice Hickman speaking for the court, says:

"To our minds there is no more reason why the above issue should have been submitted twice than that the question of whether such negligence was the proximate cause of the injury should have been submitted twice. It would certainly not be contended that the court should have submitted the issue. 'Was such negligence the proximate cause of the injury?' and then, 'Was such negligence not the proximate cause of the injury?' We do not believe * * * the authorities announce such a doctrine, and this contention is overruled."

Writ of error was refused, and we know of no decision of this Court in which the rule in the Rowe case is so applied as to permit a complete duplication in the submission of the special issues which present *solely* a positive and negative phase of the same question. See also Hutton et al v. Burkett (wr. ref.), 18 S. W. (2d) 740, and Williams v. Rodocker, 84 S. W. (2d) 556.

The trial court submitted the issues affirmatively. The dissenting opinion states that if the issue is submitted negatively it is erroneous from the standpoint of plaintiff, since if answered either "yes" or "no" it could form no basis for a judgment in his favor. No reason is apparent why it should be negatively submitted.

The foregoing statement within itself constitutes an all sufficient reason against its negative submission, unless, of course, it is necessary to so submit it in order to prevent a denial of right to either plaintiff or defendant. The issue affirmatively phrased correctly submits plaintiff's alternative basis of recovery and at the same time accords defendant an affirmative submission of its ground of defense. The burden of proof is not misplaced by an affirmative statement of the issue, as the defendant has the burden of establishing by a preponderance of the evidence its defense of partial incapacity. Nor has defendant any just ground of complaint to its submission affirmatively. It is no more onerous for defendant to establish

the fact of partial incapacity by an inquiry stated affirmatively than it would be to establish the same fact by an inquiry phrased negatively. The mere fact that it is more likely that a mistrial due to conflicting findings will result from its negative submission constitutes no just reason therefor. If the probability of such a result is the *sole* reason for negative submission it is not predicated upon a right, and if the court fails or refuses to submit the issue in such form the litigant desiring that it be so submitted suffers no denial of right. No reason is apparent why the finding of the jury upon the issue affirmatively submitted cannot justly serve the diverse purposes of plaintiff and defendant.

■ It is true that a finding of total incapacity excludes the converse of partial incapacity, and vice versa. In that sense converse issues are involved. The issues submitting the two inquiries as to the result of the injuries—one whether total and the other whether partial—are converse, but not opposite. Failure to observe the distinction between the types of issues that are converse and those that are opposite, leads to practical difficulties in submitting a cause involving both types, in order to avoid duplication. It is necessary in cases involving converse issues to submit both, notwithstanding partial duplication may result; and sometimes it is necessary to submit one or the other in negative form. Rosenthal Dry Goods Co. v. Hillebrandt (Com. App.), 7 S. W. (2d) 521; Greer v. Thaman (Com. App.), 55 S. W. (2d) 519; Gulf C. & S. F. Ry. Co. v. Ginn (Com. App.), 116 S. W. 693; Fort Worth & D. C. Ry. Co. v. Rowe, supra. It is never necessary to bring about complete duplication where opposite issues are involved. The hazard of conflicting findings where partial duplication results can usually be met effectively by the trial judge since it becomes his duty in the event of conflict to point out to the jury in the mannar provided by law before receiving the verdict, the conflicting answers, and to retire the jury for further deliberations.

■ When the difficulty as here is merely the matter of deciding between the submission of an issue in one of two forms, the finding under one of which will serve as a basis for a judgment and under the other will not serve such purpose, the trial judge should exercise his discretion to employ the form of issue the answer to which can be made the basis of a judgment and at the same time serve the diverse purposes of both parties. His discretion should control if neither party thereby suffers denial of substantial right.

Practically speaking there is no absolutism in procedure,

especially in that branch of the trial procedure having to do with submitting causes upon special issues. Difficult problems in submission are not infrequent with the trial judge. Fort Worth & D. C. Ry. Co. v. Rowe, supra. As stated by Chief Justice Gaines speaking in another, but related, connection in Silliman v. Gano, 90 Texas 637, 39 S. W. 559:

"But the rules of procedure in the courts should be so framed as to secure substantial justice, and any oversight of the court or counsel, which, within certain limitations, is not calculated to operate to the prejudice of the parties and has not so operated, should be disregarded."

The form of the special issues employed in submitting each case to the jury must depend in some measure at least upon its own peculiar pleadings and evidence and the practical difficulties the trial judge is faced with in ascertaining, through special issues, the essential facts; and the measure of his discretion in so doing is limited only to the extent indicated in the foregoing quotation.

It follows from what has been stated that the trial court upon another trial should submit by a single inquiry the issue of partial incapacity, both unconditionally and affirmatively.

While defendant merely objected to the manner of submitting partial incapacity and made no request that it be submitted negatively, it might, in the light of the views expressed in the dissent, make such request upon another trial. The request, if made, should be denied. Application for writ of error was dismissed rather than refused in the recent case of Traders & General Ins. Co. v. Burns, 118 S. W. (2d) 391, for the reason among others that it is intimated in the opinion that the defendant would have been entitled upon request to have the issue of partial incapacity submitted negatively in addition to its affirmative submission.

The judgment of the Court of Civil Appeals reversing and remanding the cause for the error pointed out is correct.

We are in accord with the holding of the majority opinion upon the questions involved in the other assignments, including its holding upon the assignment questioning the correctness of the definition of partial incapacity.

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court January 4, 1939.