## TRADERS & GENERAL INS. CO. v. SCOGIN.

### No. 3713.

Court of Civil Appeals of Texas. Beaumont.
Dec. 24, 1940.

Rehearing Denied Jan. 8, 1941.

K. W. Denman, of Lufkin, Lightfoot, Robertson & Gano, of Fort Worth, for appellant.

R. C. Musslewhite and Curtis W. Fenley, both of Lufkin, for appellee.

O'QUINN, Justice.

This suit was filed by appellee in the district court of Angelina County, Texas, against appellant to set aside an award of the Industrial Accident Board of the State of Texas, and to recover compensation. Appellant answered by general demurrer, general denial, and by a special answer duly verified.

The case was tried to a jury upon special issues on their answers to which judgment was rendered in favor of appellee setting aside the award of the Board, and granting appellee compensation as for total and permanent disability for 401 weeks at the rate of $8.32 per week, the compensation to be paid in a lump sum with proper and legal discount. Motion for a new trial was overruled, and we have the case on appeal.

Appellant's first proposition complains of what it insists as an improper submission of "partial incapacity." Special issue No. 4 inquired whether appellee sustained total incapacity by reason of the injury he had suffered, which the jury answered "Yes." Special issue No. 8 was: "Do you find from a preponderance of the evidence that W. L. Scogin has not sustained and will not sustain only partial incapacity as a result of the injury, if any, sustained by him on May 5, 1939? Answer 'Yes' or 'no.'" The jury answered "Yes." Appellant objected to this issue because "the question of partial incapacity herein which is a defensive issue is limited herein in its language to a finding as to whether or not the plaintiff sustained only a partial incapacity and which is the plaintiff's issue and not this defendant's issue and nowhere in this court's main charge is this defendant's issue thereon submitted and * * * in that connection said defendant requests the court to properly amend said special issue and to add other special issues to cover the question of this defendant's issue thereon."

Special issue No. 8 affirmatively and unconditionally submitted to the jury the issue of "partial incapacity." The jury's answer "Yes" to this issue was that appellee had not sustained only partial in-

capacity by reason of his injury, and that he would not sustain only partial incapacity by reason of his said injury. This was a complete answer that appellee had not sustained partial incapacity as a result of his injury. The answer to special issue 8 was not conditioned on the answer the jury had made to any other issue. Wright v. Traders & Gen. Ins. Co., 132 Tex. 172, 123 S.W. 2d 314, 317, 5th paragraph. The use of the word "only" in the issue did not make the submission conditional. United Employers Casualty Co. v. Knight, Tex.Civ.App., 139 S.W.2d 613, 615. Furthermore, if it could be said (which on the face of the record it cannot) that the court had wholly failed to charge on the issue of "partial incapacity," then before appellant could complain of the omission, it would have to prepare a proper issue covering this question and present it to the court with request for submission, which it did not do. Texas & N. O. Ry. Co. v. Crow, 132 Tex. 465, 123 S.W.2d 649. The proposition is overruled.

█ The second, third, fourth, fifth and sixth propositions are presented grouped. They relate to asserted error (2nd) in the court not affirmatively and unconditionally submitting to the jury special issues as to "primary defensive issue of partial incapacity"; (3rd) in conditionally submitting "defendant's secondary defensive issue of when partial incapacity began or will begin"; (4th) in conditionally submitting defendant's secondary issue of whether "the partial incapacity of plaintiff, if any, is or will be permanent"; (5th) in conditionally submitting the defendant's issue of temporary partial incapacity; (6th) in conditionally submitting defendant's secondary defensive issue of "for what period of time the partial incapacity shall continue from its beginning date to its termination." It is to be observed that these propositions present entirely different matters, and so, we think, are improperly grouped. It is true they, in a manner, relate to the question of "partial incapacity" yet they present wholly distinct phases of the question, and answers to one could, and might be contrary to answers to others—in fact conflicting. Assignments pointing out separate and distinct matters may not be grouped for consideration in briefing. However,

we have considered the propositions and find no error presented. It is admitted that appellee, while in the course of his employment, received an injury, and that appellant carried compensation covering him. The whole cavil is as to the extent of his injury. In answer to special issue No. 4, the jury found that appellee sustained total incapacity as a natural result of his injury; and in answer to special issue No. 6, that his total incapacity was permanent; and in answer to special issue No. 7, that his total incapacity "was not and will not be only partial." These findings answered issues as to appellee's right to recover. In answer to special issue No. 8 (which has already been discussed) the jury found that appellee "has not sustained and will not sustain only partial incapacity" as a result, etc., of his injury. This proposition was an affirmative and unconditional submission of appellant's defense of "partial incapacity." The jury found against appellant's contention on this issue. The propositions above (2, 3, 4, 5, and 6) were but different ways of inquiring as to this identical matter. While a defendant is entitled to have his defenses affirmatively and unconditionally submitted, he does not have the right to its submission in different forms. One submission in accordance with the law is sufficient. The propositions are without merit and are overruled.

█ The seventh proposition complains that the court erred in not affirmatively and unconditionally submitting appellant's defensive issue of temporary total incapacity. The court submitted to the jury Special Issue No. 7, to wit: "Do you find from a preponderance of the evidence that such total incapacity, if any, of W. L. Scogin was not and will not be only temporary? Answer yes or no." The jury found against appellant's contention of temporary total incapacity. This was an affirmative and unconditional submission of the issue. Wright v. Traders & Gen. Ins. Co., 132 Tex. 172, 123 S.W.2d 314, 317, par. 5. The complaint is without merit.

There is no complaint as to the finding of appellee's average weekly wage rate.

No error appearing, the judgment is affirmed.