## TEXAS EMPLOYERS' INS. ASS'N v. MALLARD.

No. 11741.

Court of Civil Appeals of Texas. Galveston.

Jan. 3, 1946.

Rehearing Denied Jan. 31, 1946.

See, also, 182 S.W.2d 1000.

Sewell, Taylor, Morris & McGregor, of Houston, and Black, Graves & Stayton, of Austin, for appellant.

Burris & Benton, of Houston, for appellee.

CODY, Justice.

This is a workmen's compensation case, brought by the appellee to recover compensation for injuries sustained in the course of his employment. Based upon the jury's verdict, the court rendered judgment awarding appellee compensation for total and permanent incapacity.

The appellant, the insurance carrier, predicates its appeal upon the following six points, each assigning as reversible error some specific action of the trial court. As somewhat edited, in the interest of brevity, they read:

1. Instructing the jury that the term "partial incapacity" means "that a person is disqualified from performing the usual tasks of a workman, but is capable of performing part of such usual tasks, or labor of a less remunerative class whereby a reduction in earning capacity is suffered."

2, 3. In awarding compensation for total and permanent incapacity caused by the injury received on August 25, 1941:

(a) Because the undisputed evidence showed that appellee was not totally and permanently incapacitated by such injury.

(b) Because such award was against the great preponderance of the evidence.

4, 5. In awarding compensation for total and permanent incapacity during the period from July 31, 1944, to the date of trial:

(a) Because the 'undisputed evidence showed that, during such period, appellee was able to and did work, earning higher wages than he was able to earn prior to his injury.

('b) Because the great preponderance of the evidence showed that during such period, appellee was able to and did work, earning higher weekly wages than he was able to earn prior to his injury.

6. By imposing on appellant, in submitting special issue No. 2, the burden of proving that appellee's incapacity was temporary, instead of placing the burden on appellee of proving that his disability was not temporary.

█ Appellant's first point is overruled. The definition complained of in said point reads: "By the term 'partial incapacity', as used in this charge, is meant that a person is disqualified from performing the usual tasks of a workman, but is capable of performing part of such usual tasks, or labor of a less remunerative class whereby a reduction in earning capacity is suffered."

As appears from the former appeal of this case, the quoted definition was given on the former trial. Texas Emp. Ins. Ass'n v. Mallard, Tex.Civ.App., 180 S.W. 2d 381. It was approved by us in Texas Emp. Ins. Ass'n v. Hitt, Tex.Civ.App., 125 S.W.2d 323. See also Federal Underwriters Exchange v. Stricklin, Tex.Civ.App., 151 S.W.2d 612; Traders & General Ins. Co. v. Wright, Tex.Civ.App., 95 S.W.2d 753, 132 Tex. 172, 123 S.W.2d 314; Southern Underwriters v. Schoolcraft, 138 Tex. 323, 158 S.W.2d 991. And appellant does not contend that the definition, as applied to the facts of the ordinary case, is wrong. The facts of this case, which appellant contends makes the definition wrong here, are these: When appellee was injured, August 25, 1941, he was earning, and had been earning for the past year, wages of $50 per week. When he returned to work on May 25, 1942, he received $135 a week. Thereafter he received lesser wages, but which were substantially greater than the $50 weekly wages he had received prior to his injury. It is appellant's contention that, under the definition, even if the jury had believed that appellee was able to do

some work, it could not find partial incapacity. Says appellant: "By charging the jury that an essential element of 'partial incapacity' 'is a reduction in earning capacity', the court charged the jury under the facts of this particular case that they could not find appellee to be partially incapacitated. Since, under the undisputed evidence, the weekly wage received by appellee after his injury far exceeded in amount the weekly wage received by him prior to his injury, the jury could not possibly have found that appellee had suffered 'a reduction in earning capacity' ".

Appellant, as noted, contends that this case is essentially sui generis, because the war brought about conditions which enabled appellee to earn far higher wages after he was injured than he was able to earn before, and invokes our judicial notice of the general wage scales prevailing at the time appellee was injured, and at the time he went back to work. Ohio Bell Tel. Co. v. Public Utilities Comm. of Ohio, 301 U.S. 292, 57 S.Ct. 724, 81 L.Ed. 1093.

█ In our opinion the definition is so worded that it is adapted to operate fairly where there is such a changed condition as that pointed out by appellant as having taken place here between the occurrence of the injury, and the time the insured workman went back to work. The use of the words "but is capable of performing part of such usual tasks, or labor of a less remunerative class whereby a reduction in earning capacity is suffered", fits the definition to determine whether there was a loss in earning capacity, as distinguished from a loss of earnings. It is for the loss of earning capacity that the workman is entitled to recover compensation. And the fact that a workman may, by reason of unusual conditions, be able to earn more with an impaired earning capacity than he could have earned under preceding conditions with an unimpaired earning capacity sustained by reason of the injury, is no obstacle to recovery for the impairment of his earning capacity sustained by reason of the injury. Under the definition the jury should have understood, and doubtless did understand, that the accidental rise or fall of wages actually earned after injury was not made the criterion, but an impairment of capacity resulting in ability to do only work of a less remunerative class. See Art. 8306, Section 11, R.C.S. 1925; Hartford Acc. & Ind. Ins. Co. v. Miller, Tex.Civ. App., 5 S.W.2d 181; Dohman v. Texas

Emp. Ins. Co., Tex.Civ.App., 285 S.W. 848. The word "class" makes of the definition a sliding scale which prevents the mention of a reduction in earning capacity from being misleading.

We also overrule appellant's second, third, fourth and fifth points. While engaged in general carpenter work for his employer, Tellepsen Construction Company, on August 25, 1941, appellee fell some twelve feet to the ground, striking it in a sitting position. On May 25, 1942, he went back to work, but after fifteen days had to ask for lighter work. He testified that he was not able to work, but had to support his family. No useful purpose would be served to recite his work record. As a result of the fall he suffered a compression of the fifth lumbar vertebra—fifty per cent of its thickness was destroyed. The medical evidence was to the effect that the injury would disturb his equilibrium, and that stooping, or twisting the back, would produce pain; that the fifth lumbar vertebra is the last and most important one in the spine, and that irritation and pressure on it in its damaged condition will probably result in complete absorption, and a permanent back brace was recommended to prevent such absorption.

It is well settled that the fact that a workman is compelled to work by the spur of necessity after an injury is not conclusive on the issue of total and permanent disability. Davies v. Texas Emp. Ins. Ass'n., Tex.Com.App., 29 S.W.2d 987; Traders & General Ins. Co. v. Collins, Tex.Civ.App., 179 S.W.2d 525; Lott v. American Surety Co. of New York, Tex. Civ.App., 140 S.W.2d 928.

Special issue No. 2 submitted by the court reads: "Do you find from a preponderance of the evidence that the total incapacity, if any, suffered by plaintiff, W. E. Mallard, is permanent or was or will be temporary? Answer: 'It is permanent' or 'It was temporary' or 'It will be temporary.'"

In its sixth point appellant complains that such submission imposed on it the burden of proving appellee's incapacity was temporary, instead of placing on appellee the burden of proving that his disability was not temporary. By Rule 277, Texas Rules of Civil Procedure, the court is expressly authorized in a workmen's compensation case to submit in one question whether the injured employee is permanently or only temporarily disabled. See Wright v. Traders & General Ins. Co., 132 Tex. 172, 123 S.W.2d 314. As we understand appellant's contention, it would distinguish the Wright case from the instant case by reason of the fact that there the injured workman had expressly sought to recover for temporary incapacity, whereas here appellee has not (in terms) sought such recovery. However, it is well settled that allegations of total and permanent disability will authorize a recovery for a lesser incapacity, both as to extent and duration. Texas Emp. Ins. Ass'n v. Drayton, Tex.Civ.App., 173 S.W.2d 782, writ refused. See also Commercial Standard Ins. Co. v. Brock, Tex.Civ.App., 167 S.W. 2d 281.

We overrule appellant's sixth point.

The judgment is affirmed.

Affirmed.