James A. MITCHELL, Appellant,

v.

HOUSTON GENERAL INSURANCE COMPANY and Equitable General Insurance Company, Appellees.

No. 18431.

Court of Civil Appeals of Texas, Fort Worth.

June 25, 1981.

Rehearing Denied Sept. 10, 1981.

Hultgren, Jewell, Alvoid & Berger and Frank R. Jewell, Dallas, for appellant.

Simon, Peebles, Haskell, Gardner & Betty and Anne Gardner, Fort Worth, for appellees.

OPINION

MASSEY, Chief Justice.

James A. Mitchell (claimant) has appealed judgment upon a jury verdict awarding him compensation for medical expenses and for temporary total disability (which was undisputed and had been paid) and denying his claims for any further worker's compensation benefits for alleged disability resulting from his injury. Houston General Insurance Company and Equitable General Insurance Company pleaded their affirmative defense that claimant experienced only partial and not total incapacity, if any, and that such disability, if any, was temporary and not permanent. Claimant, not the insurance companies, requested issues on partial incapacity be submitted to the jury, such request being denied by the trial court. Claimant has appealed, contending reversible error to have resulted by the trial court's refusal to submit definition of and issues on partial incapacity.

We reverse and remand.

It is fundamental that the Worker's Compensation Law is to be liberally con-

strued to accomplish its purposes, among which one purpose is the payment of benefits provided for total disability, if any there be for which the insurance companies are liable, and the payment of benefits provided for partial disability, if any there be for which the insurance companies are liable. Here the liability of the insurance companies is established for the period of total disability the claimant was found to have experienced. If there was any partial disability subsequently experienced, the companies are undoubtedly obligated to pay the benefits provided therefor during the period it might be found to have persisted. As applied thereto the court refused the claimant's request for instruction and issues.

■ The question presented is whether there was any evidence, more than a scintilla, that the claimant experienced any partial disability. If there was, the obligation of the trial court was to submit such question, albeit the jury might answer in a manner which the court (even in advance) might consider to have been so contrary to the greater weight and preponderance of the evidence as to require the granting of a new trial.

Sometimes in a case such as the one before us, the claimant might desire that the case be submitted only on the question of total disability, and might even strenuously object to any inquiry of the jury as to the existence of any partial disability. This court once was presented with an appeal where such was the case, where the objection was in part predicated upon the absence of any pleading by the insurance company in the alternative to its contest upon total disability or the period of its existence. In the case before us, the insurance companies had pleaded partial disability (incapacity), i. e., that even though the claimant may have suffered some disability following the undisputed period of total disability, such disability was partial rather than total and therefore, for that period the benefits for which the companies were liable under the law were less than payments required had such disability been total.

The attorney for the insurance companies advised during oral argument that during the trial he had been fortunate to catch the claimant in an outright lie regarding his claim for total disability benefits, and that this was something the attorney would prefer even above that of having a kinsman in the jury box. With this situation obtaining, coupled with the state of the evidence when the court's charge was submitted to the jury, such attorney did not want to claim any advantage by requesting the submission of any issue on partial disability. Indeed, he claimed that the state of the evidence was such that had he requested submission of issues upon partial disability it would have been proper for the court to refuse them.

■ We have, however, arrived at the conclusion that the court would not have erred had its charge included issues on the question of partial disability, and that even with objection by the insurance companies, submission of such issues would not have constituted error. Furthermore, had the insurance companies desired the submission and claimant objected, there would likewise have been no error in submitting the partial disability issues to the jury. Indeed, in view of our conclusion that the evidence raised the issue of partial disability, we deem the court to have erred in refusing to submit such issues as requested by claimant.

The foregoing presupposes that a proper predicate was laid by specially requesting appropriate definition of partial disability (or incapacity), and by specially requesting appropriate special issues whereby the jury might find partial disability to have been experienced, the inception date, the termination date, etc. In this case there was such proper predicate by the claimant laid for appeal by his requested definition and special issues.

The single controlling question upon reversible error lies in the determination of whether the claimant had experienced partial disability for any period following the date found by the jury as that his total disability came to an end.

Disregarding all evidence to the contrary, our duty is to determine whether there was any evidence, more than a scintilla, that claimant experienced partial disability, i. e., "any degree of incapacity less than total incapacity, whereby a person suffers a reduction in earning capacity." 2 State Bar of Texas, Texas Pattern Jury Charges 22.-02, "Total Incapacity," "Partial Incapacity," and "Earning Capacity" Definitions (1970).

Also appropriate would be the definition of partial incapacity given by the court in *Traders & General Ins. Co. v. Wright,* 95 S.W.2d 753, 755 (Tex.Civ.App.—Eastland) *aff'd,* 132 Tex. 172, 123 S.W.2d 314 (1939), viz:

> " 'By the term "partial incapacity" or "partially incapacitated," whenever it appears in this charge, (it) shall have the following meaning: It shall mean where an employee by reason of an injury sustained in the course of his employment is only able to perform part of his regular labor, or a less remunerative class than he performed prior to his injury, whereby he suffers a depreciation or reduction in his earning capacity.' "

The case and question is the subject of discussion in 17 Texas L.Rev. 113 (1938–39) "Workmen's Compensation—Partial Incapacity." See also 63 Tex.Jur.2d *Workmen's Compensation* sec. 143, *Partial incapacity* (1965).

The evidence deemed to have raised the issue of partial disability (incapacity) of the claimant is found in the very evidence by which the insurance companies attacked his claim that he was totally and permanently disabled. Claimant's proof of total and permanent incapacity to perform the tasks of a workman was obviously overcome (save for the period as to which there was no real dispute) by the insurers' evidence. This evidence included motion pictures of claimant surreptitiously taken, fortified by testimony to the effect that he was observed bending, stooping, lifting and moving without indication of any accompanying pain claimed to have been persistent. Specifically the evidence had reference to claimant's installation of siding on a house, operating a chain-saw, and digging up a tree stump in his yard, events which had occurred during the time he claimed total and permanent incapacity. This evidence raised the issue of disability or incapacity other than total.

The issue of partial incapacity was raised by the evidence, there having been more than a scintilla of evidence that the claimant had experienced some period of partial incapacity following the time during which he was totally disabled. That being true, the trial court erred in refusing to submit the specially requested definition and specially requested issues by which the question of partial incapacity should have been submitted to the jury. This is reversible error.

Judgment is reversed; the cause is remanded for another trial.